## W. R. MUMFORD COMPANY v. TERRY, ADMINISTRATOR.

[No. 7,063. Filed February 26, 1909.]

APPEAL.—*Time of Taking.—Decedents' Estates.*—Appeals from judgments in claims against decedents' estates, except upon permission granted by the Supreme, or Appellate Court, must be perfected by filing an approved appeal bond within ten days after the judgment appealed from is rendered, and by filing the transcript on appeal within ninety days after the filing of such bond.

From Fulton Circuit Court; *Harry Bernetha,* Judge.

Action by the W. R. Mumford Company against Charles C. Terry, as administrator of the estate of Percy E. Terry, deceased. From a judgment for defendant, plaintiff appeals. *Appeal dismissed.*

*J. T. Hanna,* for appellant.

*Holman, Stephenson & Bryant* and *O. A. Davis,* for appellee.

HADLEY, J.—As disclosed by the record and appellant's brief, this case grew out of a claim filed by the appellant against the estate of Percy E. Terry, of which Charles C. Terry was and is administrator. The claim was entered on

the claim and allowance docket, and disallowed by the administrator, and was then certified to the trial docket by the clerk of the court. Trial was had and judgment rendered against the appellant.

The record discloses that the plaintiff prayed an appeal to this court, and was given 120 days within which to file a bill of exceptions, and thirty days within which to file a bond. The record, however, does not show that any bond was ever filed. Judgment was rendered in June, 1907, motion for a new trial filed July 6, 1907, the motion for new trial was overruled on November 4, 1907, and the record filed in this court November 4, 1908.

By §2977 Burns 1908, §2454 R. S. 1881, it is provided that appeals of this character may be had by the filing by the aggrieved persons of a proper bond with the clerk of the court where the action is pending.

By §2978 Burns 1908, Acts 1899, p. 397, it is provided that such bond shall be filed within ten days after the decision complained of is made, unless the court to which an appeal is prayed shall direct such appeal to be granted on the filing of such bond within one year after such decision. The transcript shall be filed in the Appellate Court within ninety days after filing the appeal bond.

These sections are certainly too plain to need interpretation. They provide specifically how such appeals shall be taken, and this excludes any other mode. The reason is obvious. Estates should not be tied up in vexatious litigation, and persons suing an estate should not be permitted to do as appellant has sought to do in this case—withhold its appeal for one year after the decision is made, without adequate excuse. Appeals of this character can only be had either by filing the proper bond in the circuit court within ten days after the decision, and the transcript in this court within ninety days after filing the bond, or come before this court within one year after such decision and show good cause and obtain leave to appeal. *Lindley* v.

*Darnall* (1900), 24 Ind. App. 399. Appellant complied with neither mode, and the case is not properly before us. The appeal is dismissed.