BOARD OF COMMISSIONERS OF THE COUNTY OF ST.
JOSEPH *v.* TINCHER MOTOR CAR COMPANY.

[No. 8,147. Filed January 12, 1912.]

APPEAL.—*Time for Perfecting.*—*Holidays.*—*Statutes.*—Where appellant's transcript was filed on the sixty-first day after the filing of its appeal bond and where ninety days after the filing of such transcript no notice of appeal had been served on appellee, the appeal will be dismissed, though the sixtieth day after the filing of such appeal bond was Labor Day, a public holiday, §1350 Burns 1908, §1280 R. S. 1881, providing that the time within which a required act shall be performed shall be determined by excluding the first day and including the last and that "if the last day be Sunday it shall be excluded," thereby, impliedly, requiring other holidays to be included in the sixty days allowed after the filing of the appeal bond, in which to file the transcript.

From Saint Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by the Tincher Motor Car Company and others against the Board of Commissioners of the County of Saint Joseph. From a judgment for plaintiffs, defendant appeals. *Appeal dismissed.*

*Fred Woodward,* for appellant.

*Howell, Hubbell & Jones,* for appellee.

HOTTEL, J.—Appellant has attempted to perfect a term-time appeal. Its transcript was filed in this court on September 5, 1911, which appellant concedes was the sixty-first day after the filing of its appeal bond.

Appellee on December 6, 1911, filed its motion to dismiss the appeal, on the ground that it was perfected too late to constitute a term-time appeal, and that more than ninety days had expired since the filing of said transcript, and no service had been had or attempted to be had on appellee.

The sixtieth day after the filing by appellant of its appeal bond was Labor day, and appellant insists that because such day is made a holiday by statute it should be treated as a

*dies non juridicus,* and therefore excluded from the count in determining whether appellant's transcript was filed in time. In other words, appellant's contention is that the time for filing its transcript having expired on a legal holiday, a filing thereof on the succeeding day was in time.

We have been unable to find an express holding upon this subject in this State. Appellant has cited several cases from other states which seem to support its contention. We would be inclined to follow these cases and adopt the rule insisted upon by appellant, but for the existence of §1350 Burns 1908, §1280 R. S. 1881, which we think controls on this question. This section provides as follows: ''The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last. If the last day be Sunday it shall be excluded.''

Appellant cites this statute as supporting its position, and insists that inasmuch as Sunday is mentioned with the other holidays, and that under the present law the state offices may be closed on such other holidays the same as on Sunday, therefore, the same reason exists for excluding the other holidays from such computation of time that exists for excluding Sunday, and further that Labor Day was created a holiday after the passage of §1350, *supra,* and, therefore, should be read into such act.

The latter part of appellant's argument fails when we consider the holiday statute as it existed in 1881 when §1350, *supra,* was enacted. The holiday statute then in force was that passed in 1875, and provided as follows: ''The following days, to wit: The first day of the week, commonly called Sunday; the first day of January, commonly called New Year's day; the fourth day of July; the twenty-fifth day of December, commonly called Christmas day; and any day appointed or recommended by the President of the United States or the Governor of the State of Indiana as a day of public fast or thanksgiving, shall be holidays within the State of Indiana for all purposes of presenting for payment

or acceptance, for the maturity and protest, and giving notice for the dishonor of bills of exchange, bank checks, promissory notes, or other negotiable or commercial paper; and all notes, drafts, checks, or other negotiable or commercial paper, falling due or maturing on either of said holidays, shall be deemed as having matured on the day previous." §5517 R. S. 1881.

It will be seen that when said §1350 was enacted Sunday was then one of the several other holidays mentioned in said statute, and it alone was by the legislature expressly excluded from such computation when the last day falls on such day.

Under the familiar maxim, *expressio unius est exclusio alterius,* the legislature by mentioning and including Sunday alone as the holiday to be excluded in the computation, excluded from such provision, the other holidays then existing, and of necessity any such holidays afterwards created, in the absence of additional or amendatory legislation on such subject.

We recognize that since the passage of §1350, *supra,* the legislature has changed the law then applicable to bank checks, promissory notes and other negotiable instruments, falling due on a holiday, so as to make them due the day succeeding instead of the day preceding such holiday, and that §9627 Burns 1908, Acts 1907 p. 691, §2, has been passed, which authorizes the closing of all state, county, city and township offices on such days; but during all this period §1350, *supra,* has remained unchanged. Whether this was the result of oversight or purpose can make no difference in determining the question before us. The fact remains, that this section of the statute has never been amended or repealed, and is, we think, controlling. In 16 Current Law 2386, 2387, this question is discussed as follows: "Ordinarily, legal holidays are not excluded where the case is not within the express provisions of the statute authorizing their exclusion, even though they follow an excluded Sunday."

See cases there cited, one of which, the case of *Nebraska Nat. Bank* v. *Pennock* (1899), 59 Neb. 61, is directly in point in this case. Nebraska has a statute almost identical with §1350, *supra*.

It is suggested by appellant that to hold that its appeal is not in time is in effect to reduce the sixty days, which the law gave it in which to file its transcript after the filing of its appeal bond, to fifty-seven days. This results because the last day of its time was Labor Day, the day preceding Sunday, and the next preceding day Saturday, the afternoon of which was also a holiday.

Apparent hardship results in this case and may in other cases, but it results from the statute. It is the business of the courts to construe and apply the law as they find it, and not to make or to amend it.

This appeal is therefore dismissed.