## CROUCH ET AL v. SHANTZ ET AL.

[No. 9,529.　Filed June 23, 1916.]

1. APPEAL.—*Perfection of Appeal.*—*Time.*—*Statute.*—Where appellants filed their transcript on appeal on the sixty-first day after the filing of the appeal bond, the preceding day being Sunday, it was filed in time, since §1350 Burns 1914, §1280 R. S. 1881, concerning the computation of time in such cases, provides that if the last day falls on Sunday it shall be excluded. p. 478.

2. APPEAL.—*Procedure.*—*Necessary Parties.*—In a suit to foreclose a mortgage, even though it appeared that the plaintiffs filed an admission that one of the defendant mortgagors was of unsound mind when the mortgage was executed and not liable, and there was a judgment for costs in favor of defendants, such insane defendant was interested in supporting the judgment within the meaning of §674 Burns 1914, Acts 1899 p. 5, concerning notice of appeal, and a necessary party to a vacation appeal, and failure to give her notice or make her a party or to furnish a bond inuring to her benefit necessitates a dismissal of the appeal. p. 479.

3. NEW TRIAL.—*When Proper.*—*Parties.*—Where, in an action to foreclose a mortgage, plaintiffs filed a written admission that as to one of the defendants there was no liability and there was a judgment for costs in favor of all defendants, no error can be predicated on the trial court's action in overruling a motion for a new trial directed at the entire judgment. p. 481.

From St. Joseph Superior Court; *George Ford,* Judge.

Action by Jeptha Crouch and others against J. Milton Shantz and another. From a judgment for defendants, the plaintiffs appeal. *Appeal dismissed.*

*Martin A. Quinn, Farabaugh & Hagerty* and *Proctor & Crawley*, for appellants.

*Lenn J. Oare, Russell W. Geyer* and *Ernest M. Morris*, for appellees.

HOTTEL, P. J.—Appellants filed a complaint in the court below to recover on four promissory notes and to foreclose a mortgage given to secure them. Appellee J. Milton Shantz filed an answer of general denial and three paragraphs of counterclaim. A reply of three paragraphs was filed. Appellee Mary E. Shantz was found to be insane and a guardian *ad litem* was appointed and filed for her an answer in three paragraphs, the first of which was a general denial. To the second and third paragraphs of such answer there was a reply of general denial.

A trial by the court resulted in a judgment that appellees recover of the appellants their costs and that appellants take nothing on their complaint. A motion for new trial was filed against both judgment defendants and overruled. The only error assigned and relied on in this court that is not expressly waived is the overruling of such motion.

Appellees enter a special appearance in this court and file a motion to dismiss the appeal based on the following grounds: "(1) That the appeal bond in this case was filed on December 15, 1915, the transcript in this appeal was not filed in the office of the clerk of the Appellate Court until the 14th day of February, 1916, being sixty-one days after the filing of the appeal bond and that appellants have taken no steps to perfect a vacation appeal. (2) That the appellee, Mary E. Shantz, was a party to the judgment in the court below and that she was not named as an obligee in the appeal bond and no steps were taken by appellants to perfect a vacation appeal."

In their discussion of the first ground of the motion to dismiss, appellants concede that their appeal bond was filed in the trial court December 15, 1915; that the transcript was not filed in the office of the clerk of this court until February 14, 1916; that under §1350 Burns 1914, §1280 R. S. 1881, providing that in the computation of time in such cases the first day is excluded and the last day included, such transcript was not filed until the sixty-first day after the filing of such bond, which they also concede would not be in time but for the last clause of §1350, *supra,* which provides that *"if the last day falls on Sunday it shall be excluded."*

Reference to the calendar discloses that February 13, 1916, which was the sixtieth day after the filing of such bond, was Sunday. It follows that under the provisions of the statute, *supra,* the transcript was filed in time. In the case of *Kinney* v. *Heuring* (1908), 42 Ind. App. 263, 85 N. E. 369, this court expressly held that where the year for filing a transcript expired on Sunday, the filing thereof on the following Monday was in time. The case of *Board, etc.* v. *Tincher, etc., Co.* (1911), 49 Ind. App. 221, 97 N. E. 22, is, by inference at least, a holding to the same effect.

In the discussion of the second ground of appellees' contention, appellants concede that Mary E. Shantz was a party to the judgment appealed from; that she was not named as an obligee in the appeal bond and that appellants have given her no notice of the appeal. They also, in effect, concede that every party who has an interest that the judgment appealed from be maintained is a necessary party to the appeal. They make no claim that they have made any effort to perfect a vacation appeal, and rest their claim that the appeal should not be dismissed solely upon the ground that Mary E. Shantz

is not a necessary party to the appeal because she has no interest in maintaining the judgment of the lower court. They, in effect, concede that this contention is not supported by the judgment itself; that the record shows a judgment in Mrs. Shantz's favor; and that looking to the judgment alone she appears to be interested in maintaining it. They insist, however, that she in fact is not interested in supporting the judgment within the meaning of §674 Burns 1914, Acts 1899 p. 5, and hence is not in fact a necessary party to the appeal. This contention is based upon the fact that at the close of their evidence in chief, appellants made the following admission which is disclosed by the record, viz.: "It is admitted by the plaintiffs in this action that there may be a finding that the co-defendant, Mary E. Shantz, was of unsound mind at the time she executed the mortgage sued on and that therefore the mortgage has no force and effect as to her interest in the real estate, described in the complaint."

We can not give to this admission the effect which appellants insist should be given to it. The effect of their contention is that this admission shows that they had no controversy with the appellee Mary E. Shantz, and that its effect should be the same as though they had dismissed their action against her and the judgment had been taken against her co-appellee alone. Several cases are cited and relied on by appellants which support their contention, if we give to the admission, *supra*, the effect which appellants claim for it; that is to say, cases are cited in which parties, who, in the trial court had disclaimed any interest in the matter in litigation, were held to be unnecessary parties on appeal. Likewise parties against whom the action had been dismissed in the

trial court, and no judgment rendered against them, were held to be unnecessary parties on appeal.

Appellant's mistake is made in assuming that the agreement here made should have the effect of a disclaimer of any cause of action against appellee, or the effect of a dismissal as to her, or that in the light of such admission the judgment here rendered should be treated the same as though no judgment had been rendered in Mrs. Shantz's favor. None of the authorities cited lend any support to this contention and all of such authorities by implication, at least, support the general rule that in an appeal under the general statute providing for a vacation appeal, all parties to the judgment appealed from must be made parties to the appeal in the assignment of error and proper notice of the appeal given. For cases announcing such general rule, see *Lauster* v. *Meyers* (1908), 170 Ind. 548, 549, 84 N. E. 1087, and cases cited; *Pope* v. *Voigt* (1911), 49 Ind. App. 176, 96 N. E. 984. The effect of appellant's admission was simply to supply the evidence which authorized the judgment in Mary E. Shantz's favor and, such a judgment having been rendered, the record presents a case very different from what would have been presented, if as to her the action had been dismissed and no judgment taken against her. If the wording of the bond was such as to show an intention to appeal from the entire judgment, and that it in fact was intended as indemnity for both appellees, this court might so treat it, but the wording of the bond itself and appellants' contention here in this court, show conclusively that the bond was never intended to inure to the benefit of Mary E. Shantz, and, so far as she is concerned, no bond had been given and hence a term time appeal has not been perfected as to her. As before stated, there is no claim that any steps have been taken to

perfect a vacation appeal. However, if the appeal had been perfected as to Mrs. Shantz, there could be no reversal of the judgment in this case. As before stated, the only assigned error presented by appellant's brief is that challenging the action of the trial court in overruling their motion for new trial, and in such motion appellants asked a new trial as against both appellees.

The admission entered of record above indicated, on which they rely to prevent the dismissal of the appeal, conclusively shows that, as against

3. Mrs. Shantz, appellants were not entitled to a new trial, and hence no error available in this court can be predicated on the court's action in overruling such motion. *Hatfield* v. *Rooker* (1913), 56 Ind. App. 1, 6, 7, 104 N. E. 798, and cases there cited.

For the reasons indicated the appeal should be and is dismissed.

NOTE.—Reported in 113 N. E. 13. Rules for the computation of time when first or last day falls on Sunday, 49 L. R. A. 204; 15 L. R. A. (N. S.) 687; 38 L. R. A. (N. S.) 1162; 78 Am. St. 377; 38 Cyc 329. See under (2) 2 Cyc 764; 3 C. J. 1014.