## WILT ET AL. *v.* FIRST NATIONAL BANK OF MARTINSVILLE.

[No. 9,155. Filed November 23, 1916. Rehearing denied March 6, 1917. Transfer denied June 8, 1917.]

1. EXECUTORS AND ADMINISTRATORS.—*Claims Against Decedent's Estate.—Time for Taking Appeal.—Dismissal.—Statutes.*—Under §§2977-2980 Burns 1914, §2454 *et seq.* R. S. 1881, controlling appeals from decisions connected with decedent's estates, requiring that the appeal bond be filed within thirty days from the decision, unless an extension of time is procured, and that the transcript be filed within ninety days after the filing of the bond, where an action on a note of decedent upon which one of the defendants was surety, and to foreclose an indemnifying mortgage given by decedent to the surety, could not have been maintained except by filing a claim against the pending estate of the deceased maker of the note, and the transcript was not filed until 162 days after the rendition of the judgment in favor of the claimant, the appeal must be dismissed, the character of the proceeding not being changed because the only assignments of error are made by appellants other than the administrator. p. 651.

2. APPEAL.—*Want of Jurisdiction.—Dismissal.*—When it appears from the record that the appellate tribunal is without jurisdiction, it becomes the duty of the court, on motion or suggestion of counsel, or on its own motion, to proceed no further except to dismiss the appeal. p. 652.

From Morgan Circuit Court; *Nathan A. Whitaker,* Judge.

Action by the First National Bank of Martinsville against Mary K. Wilt and others. From a judgment for plaintiff, defendants appeal. *Appeal dismissed.*

*W. S. Shirley, Alexander C. Ayres, Frank C. Ayres* and *H. L. McGinnis,* for appellants.

*Eph Inman, E. F. Branch* and *A. M. Bain,* for appellee.

FELT, J.—This suit was begun by appellee by filing a claim in the Morgan Circuit Court against the estate

of James F. Carney, deceased, and others, to collect the amount due on a certain promissory note executed by the decedent as principal and by one Andrew J. Watson as surety, and payable to appellee. The case was tried on an amended claim against said estate of which Samuel M. Guthridge was administrator. Other persons. were joined as defendants as follows:

Andrew J. Watson, surety on the note and to whom the decedent executed two mortgages on real estate to indemnify him against loss as such surety and therein expressly agreeing to pay the debt secured, and Etta D. Carney, widow of the decedent, Elsie A. and Willard L. Kinneman, alleged owners of the mortgaged real estate, and Mary K. Wilt, the holder of a mortgage which she contended was senior to the indemnifying mortgage executed to Watson. Appellee, the claimant, sought an allowance against the estate and a personal judgment against Watson for the amount of the note, interest and attorney's fees, and foreclosure of the mortgage executed to Watson. It was alleged that both the estate and Watson were insolvent.

Appellant Wilt filed a separate answer in which she alleged, in substance, that at and prior to the time of the execution of the indemnifying mortgage there was a valid and subsisting mortgage lien on the real estate; that subsequent thereto Watson released his mortgage and she thereafter took a new mortgage and furnished the money to pay the first and prior mortgage, and her lien should be declared senior to the indemnifying mortgage relied upon by appellee. Kinneman and Kinneman filed special answers. The court sustained appellee's demurrers to said special answers, whereupon such answering defendants refused to plead further, reserved their exceptions and elected to stand upon the rulings on their demurrers.

The court thereupon allowed the claim against the

estate in the sum of $1,245 and costs, rendered a personal judgment against Watson, the surety, and decreed foreclosure of the mortgage against all the defendants. Mary K. Wilt and Kinneman and Kinneman excepted to the rulings and judgment against them, prayed and were granted an appeal, and have assigned as error the rulings of the court in sustaining appellee's demurrers to their several special answers.

Appellee contends that this court has not acquired jurisdiction of this appeal for two reasons: (1) The decision or judgment appealed from is one "growing out of a matter connected with a decedent's estate"; (2) no appeal bond has been filed.

The judgment appealed from was rendered on July 8, 1914, and the transcript was filed on December 17, 1914, 162 days after the rendition of the judgment. If the appeal is governed by §§2977-2980 Burns 1914, §2454 et seq. R. S. 1881, controlling appeals from decisions connected with decedent's estates, the appeal cannot be sustained, for the statute requires persons appealing from such decisions, other than administrators and executors, to file bond within thirty days from the date of the decision unless more time is procured in conformity with the statute, and the transcript must be filed within ninety days after filing such bond.

An appeal is taken from the judgment as an entirety and must be so considered. Sterne v. Vert (1886), 108 Ind. 232, 234, 9 N. E. 127; Beard v. Hosier (1914), 58 Ind. App. 14, 17, 107 N. E. 558. The character of the proceeding is not changed because the only assignments of error are made by appellants other than the administrator of the decedent's estate. Section 2977, supra, provides that "Any person considering himself aggrieved by any decision of a circuit court growing out of any matter connected with a decedent's estate, may

prosecute an appeal" on conditions stated. If the judgment appealed from grows out of "any matter connected with the decedent's estate," the transcript was filed too late to comply with the statute. The basis of the whole suit is the note executed by the decedent and a mortgage likewise executed by him. Action on such note could not have been maintained against the estate in any other way except by filing a claim against the pending estate of the deceased maker. §2829 Burns 1914, §2311 R. S. 1881. In *Vail* v. *Page* (1910), 175 Ind. 126, 93 N. E. 705, our Supreme Court recently considered this question, and Morris, J., who wrote the opinion, reviewed the decisions and, among other things, said: "The test applied in the determination of the question is, whether or not the probate jurisdiction of the trial court was involved" and held that in cases where such jurisdiction has been invoked, the appeal is governed by §§2977-2980, *supra*. The proceedings in this case clearly invoked the probate jurisdiction of the trial court and in no other way could appellee have obtained the full relief sought and obtained by the judgment rendered.

The question presented is jurisdictional, and when it appears from the record that the court is without jurisdiction it becomes the duty of the appellate tribunal, on motion, on suggestion of counsel, or on its own motion, to proceed no further, except to dismiss the appeal. *Vail* v. *Page, supra,* and cases cited. *Harrison Nat. Bank* v. *Culbertson* (1896), 147 Ind. 611, 45 N. E. 657, 47 N. E. 13; *Mumford Co.* v. *Terry* (1908), 43 Ind. App. 339, 87 N. E. 253. The appeal is dismissed.

Caldwell, C. J., Hottel, P. J., Ibach and Moran JJ., concur. McNutt, J., not participating.

NOTE.—Reported in 114 N. E. 91.