NASH, ADMINISTRATOR, v. BURGESS, EXECUTOR.

[No. 11,325.  Filed June 23, 1922.  Rehearing denied December 13, 1922.  Transfer denied March 28, 1923.]

COURTS.— *Appeals in Probate Matters.— Practice.— Statutes.—* Where a petition was filed in the matter of the estate of a decedent to compel the executor of the estate to deliver to petitioner property in his hands which petitioner claimed, the court in hearing the proceedings on the petition was in the exercise of probate jurisdiction, and an appeal from the judgment rendered is governed by §§2977, 2978 Burns 1914, §2454 R. S. 1881, Acts 1913 p. 65, and where the transcript was not filed within the time fixed by the latter section after the filing of the appeal bond, the appeal must be dismissed.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Proceedings on the petition of Oliver Nash, administrator *de bonis non,* with the will annexed, of the estate of Darius A. Nash, deceased, against Charles A. Burgess, executor of the will of Ellen A. Nash, deceased, to require the delivery of certain property to petitioner. From an adverse judgment, the petitioner appeals. *Appeal dismissed.*

*Warner & Warner* and *Rollin W. Lennington,* for appellant.

*Harry S. Redkey, J. Monroe Fitch* and *White & Haymond,* for appellee.

NICHOLS, P. J.—This is an appeal from a judgment and decree of the Delaware Circuit Court of Delaware county, Indiana, entered on a petition filed in said court in the estate of Ellen R. Nash, deceased.

The petition filed as the basis of the action in which the judgment appealed from was entered, discloses that appellant is the administrator *de bonis non* with the will annexed of the estate of Darius A. Nash, deceased.

That said Darius A. Nash was the husband of appellee's decedent and died prior to the time of the death of

appellee's decedent. The petition prays that certain crops or the proceeds of the sale thereof claimed by appellant and in the hands of appellee as administrator *de bonis non,* be ordered delivered to appellant, the language of the prayer being as follows: "WHEREFORE, this petitioner asks the court for an order directing said Charles A. Burgess, as executor of the will of Ellen R. Nash, to deliver the possession of said above mentioned corn and oats to this petitioner forthwith, and the proceeds from any such crops which may have been sold heretofore."

The cause in the Delaware Circuit Court was handled as a proceeding or claim against the estate of appellee's decedent, and such proceedings were had therein that on June 8, 1921, a judgment was entered therein against the petitioner and a finding and decree was entered that said property was a part of the assets of the estate of appellee's decedent, and the court thereupon refused to order appellee to surrender possession of said property to appellant.

A motion for a new trial was filed and overruled, on June 10, 1921. An appeal was thereupon prayed and granted and a bond was filed by appellant on June 14, 1921.

The transcript was filed in this court on December 5, 1921, and no extension of time for filing said transcript was asked for or granted to appellant.

It is clear that the court in hearing the foregoing proceeding was in the exercise of probate jurisdiction. *Bennett, Admx.* v. *Bennett* (1885), 102 Ind. 86, 88, 1 N. E. 199; *Browning* v. *McCracken* (1884), 97 Ind. 279; *Vail* v. *Page* (1911), 175 Ind. 126, 93 N. E. 705. Such being the case, the practice in appealing must follow the provisions of §§2977 and 2978 Burns 1914, §2454 R. S. 1881, Acts 1913 p. 65; *Harrison Nat. Bank* v. *Culbertson* (1896), 147 Ind. 611, 614, 45 N. E. 657, 47 N. E. 13.

The transcript was not filed within the time after the appeal bond was filed, as required by §2978 Burns 1914, *supra.* This court is therefore without jurisdiction. *Blake, Admr.* v. *Blake* (1896), 15 Ind. App. 492, 44 N. E. 488.

Appeal dismissed.