Clark *v.* DeCamp—79 Ind. App. 225.

---

## CLARK *v.* DeCAMP ET AL.

[No. 11,321. Filed October 25, 1922. Rehearing denied **January** 24, 1923.]

1. HUSBAND AND WIFE.—*Husband Deserting Wife.—Action Against Husband.—Defense by Wife.—Statutes.*—Under §266 Burns 1914, §265 R. S. 1881, providing that, when a husband or father has deserted his family, or is imprisoned, the wife or mother may prosecute or defend, in his name, any action which he might have prosecuted or defended, and shall have the same powers or rights therein as he might have had, the wife or mother need not be a party to the action to defend it in the name of the husband or father, and need not file a petition for leave to defend or to file an intervening petition asking to be made a defendant, but, when a wife undertakes to defend an action in the husband's name, she must allege facts in her answer, showing that she is entitled to do so. p. 228.

2. APPEAL.—*Review.—Harmless Error.—Overruling Demurrer to Intervening Petition.—Refusal to Strike Out.*—In an action against a husband who had deserted his wife, error, if any, in overruling a demurrer to the wife's petition for leave to intervene and defend in the name of her husband and in denying a motion to strike the petition from the files, was harmless, as the wife under §266 Burns 1914, §265 R. S. 1881, had the right to appear and defend in her husband's name without filing such a petition. p. 229.

3. HUSBAND AND WIFE.—*Husband Deserting Wife.—Action Against Husband.—Defense by Wife.—Answer.—Sufficiency.— Statutes.*—In an action on a note against a husband who had deserted his wife and in which the husband's property was attached, an answer by the wife, defending the action in her husband's name under §266 Burns 1914, §265 R. S. 1881, alleging that the plaintiff and the husband were living together as husband and wife and had conspired to defeat the wife's action for support, and pursuant to such conspiracy the husband had executed the note to plaintiff without any consideration, *held* sufficient as a plea of no consideration; and such answer was not insufficient for failure to allege facts concerning the right of the defendant to claim the property attached as exempt from execution. p. 230.

4. APPEAL.—*Petition for Rehearing.—Time for Filing.—Holidays.—Statutes.*—Where a cause was determined on appeal October 25, 1922, and a petition for rehearing mailed to the clerk of the court was received at the post office on December 23, 1922, too late for delivery on that day, and the two succeeding days were holidays, so that the petition was not received by the clerk until December 26th, it was too late, under §704 Burns 1914, §662 R. S. 1881, providing that a petition for a rehearing must be filed within sixty days after the determination of a cause. p. 231.

From Elkhart Superior Court; *William B. Hile,* Judge.

Action by Henrietta G. Clark against Ernest L. De-Camp, in which Bess Warren DeCamp was permitted to intervene. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*L. D. Hall,* for appellant.

*Hottel & Patrick* and *Raymer & Olds,* for appellee.

McMahan, J.—Appellant filed her complaint against Ernest L. DeCamp, alleging the defendant was indebted to her upon a certain promissory note. She also filed an affidavit and bond in attachment and caused certain real estate to be attached.

Bess Warren DeCamp, hereafter referred to as appellee, filed a petition in which, among other things, she alleged in substance that she was the wife of Ernest

L. DeCamp, who had deserted her without cause; that prior to the filing of appellant's complaint she had instituted suit in the Elkhart Superior Court against her husband for separate maintenance and support, he being the owner of an interest in the real estate attached herein, and asking that the same be ordered sold to pay such allowance as the court might make; that appellant and appellees' husband were living together as husband and wife; that they had entered into a conspiracy to defeat appellee in her action for support, and in pursuance to such conspiracy, had caused said note to be executed and this action to be prosecuted with the understanding that said Ernest L. DeCamp would suffer judgment to go against him by default; that said note was executed without any consideration, and asking that she be allowed to intervene and defend in the right and name of her husband, and to the end that she might protect her interest in the property attached.

Appellant's demurrer to this petition for want of facts being overruled, she moved to strike the same from file. This motion was also overruled and an order made permitting appellee to "intervene and defend for and in the right and name of defendant," after which she filed an answer in two paragraphs.

The first paragraph of answer alleged, in substance, the marriage of appellee and Ernest L. DeCamp, his abandonment and desertion of appellee, the conduct, or misconduct, of appellant and Ernest L. DeCamp, the filing of appellee's complaint for support, the conspiracy of appellant and appellee's husband to prevent appellee from realizing anything in her action for support, and that the note mentioned in the complaint had been executed without any consideration.

The second paragraph simply alleged that appellee was the wife of the defendant Ernest L. DeCamp; that he was absent from the state, his whereabouts being un-

known; that he had suffered default; and she for and in his behalf alleged that the note mentioned in the complaint was given without consideration.

Appellant's separate demurrer for want of facts to each paragraph of answer was overruled. Such further proceedings were had as resulted in a trial by jury and a verdict and judgment against appellant.

On a later day in the same term, appellant made proof of service on Ernest L. DeCamp by publication and asked that he be defaulted and that a judgment in attachment be rendered against him ordering the attached property sold to satisfy and pay the amount due on the note. This motion, as was also appellant's motion for a new trial, was overruled.

The errors assigned relate to the several rulings of the court hereinbefore mentioned.

Appellant contends that the court erred in overruling her demurrer to the intervening petition and in overruling her motion to strike said petition from file.

Section 266 Burns 1914, §265 R. S. 1881, provides that: "When a husband or father has deserted his family, or is imprisoned, the wife or mother may prosecute or defend, in his name, any action which he might have prosecuted or defended, and shall have the same powers and rights therein as he might have had."

It is to be observed that in cases coming within this section, the action is prosecuted or defended, as the case may be, not in the name of the wife or mother,

1. but in the name of the husband or father. It is not necessary that the wife or mother be a party to the action under said section. The express language of the statute is that she "may prosecute or defend in his name." The right is given her by the statute. It is not necessary for her to file any petition asking leave of the court to prosecute or defend. However, when she undertakes to prosecute an action under this section

in the name of her husband, she must allege and prove the facts necessary to authorize her to so prosecute the action. Neither is it necessary, in case she desires to defend an action in the name of her husband, for her to file an intervening petition asking to be made a defendant, or that she be allowed to intervene and defend. It is necessary, however, that any answer she may file shall allege facts sufficient to show that she is entitled to defend in the name of her husband.

Appellant insists that appellee had no interest in the subject-matter of the action, and consequently no right to intervene. Many propositions along this line

2. are stated and many authorities cited in support of each proposition. These general propositions and the authorities cited relate to cases where the party desiring to prosecute or defend is entitled to do so only because of some interest in the subject-matter in litigation and where they must litigate or defend in their own name. Neither the theories advanced by appellant nor the authorities cited by her, relate to the right of a wife to defend in the name of her husband when that right is given her by statute. While it was not necessary for appellee to have filed a petition asking leave to intervene and defend, and while it would have been proper for the court to have sustained the demurrer to such petition and to have sustained the motion to strike the petition from file, the action of the court in overruling such demurrer and motion was harmless. The court, after having refused to strike out appellee's petition, made an order permitting her to "intervene and defend for and in the name of defendant."

The next contention of appellant is that the court erred in overruling her demurrer to each paragraph of answer. The objections to the first paragraph of answer, as stated in the memorandum filed with the demurrer, are: (1) that appellee's "claim of the prop-

erty attached and her right of property may be tried only as in case of property taken on execution;" and (2) that the answer was addressed to appellant's "main action herein, in the subject of which said paragraph of answer does not disclose that intervener has any interest." The grounds for the demurrer to the second paragraph of answer are: (1) that it does not purport to claim for Mr. DeCamp the "exemption to which he might be entitled as a resident of the State of Indiana;" and (2) that it does not disclose that the defendant was a resident of this state and entitled to claim the attached property as exempt.

This is not a case of a joint answer by a number of defendants, or where one defendant is attempting to assert the right of another defendant who has failed to answer, or where one defendant is attempting to defend upon a question which does not concern him and in which he has no interest. As before stated, it is a case where the wife is defending in the name of her husband by virtue of the statute. The answers are not those of a third party who has been allowed to intervene because of an interest in the subject-matter. They are the answers of the defendant Ernest L. DeCamp, filed in his name by his wife. Appellant makes no claim that these paragraphs of answer are not good as answers of no consideration, or that if they had, in fact, been filed by the defendant in his own behalf, they would not have been good as answers of no consideration. As we view these paragraphs, each of them was sufficient as a plea of no consideration. There was no necessity that any facts be alleged concerning the right of the defendant to claim the property attached as exempt from execution. Appellant makes no claim that either paragraph fails to allege that appellee is the wife of the defendant and that her husband, the defendant, has deserted his family, those being the

facts necessary to bring appellee within the provisions of §266 Burns 1914, *supra.* The court did not err in overruling the demurrers to the several paragraphs of answer. Appellee, having filed answer and defended in the name of the defendant, and a verdict and judgment having been rendered against appellant upon the issues, she was not entitled to have the defendant defaulted and a judgment rendered against him upon default.

The evidence is ample to sustain the jury in finding that the note in controversy was given without consideration and for the purpose of having appellant prosecute this action and attaching the real estate of the defendant in order to prevent appellee from realizing anything in her action for support. The uncontradicted evidence showed appellee to be the wife of the defendant and that he had deserted her. There was no error in overruling the motion for a new trial.

Judgment affirmed.

### ON APPLICATION FOR LEAVE TO FILE PETITION FOR REHEARING.

MCMAHAN, J.—This cause was determined by this court October 25, 1922. December 22, 1922, at 8 p. m., appellant mailed a petition for a rehearing to the clerk of this court. This petition was received at the Indianapolis post office at 8 p. m., December 23, 1922, which was too late to be delivered and filed on that day. December 24, being Sunday and December 25, being Christmas, this petition was not received by the clerk for filing until December 26, when the clerk refused to file the same. December 30, 1922, appellant filed her application herein, asking that her said petition for a rehearing be filed the same as if it had been received by the clerk December 23.

The time within which a petition for a rehearing may be filed is fixed by §704 Burns 1914, §662 R. S. 1881,

which provides that, "At any time within sixty days after such determination, either party may file a petition for a rehearing." The time for filing a petition for a rehearing expired December 23, 1922. *Hutts* v: *Bowers* (1881), 77 Ind. 211; *Board, etc.,* v. *Tincher Motor Car Co.* (1912), 49 Ind. App. 221, 97 N. E. 22.

Application is denied.