## SMITH, ADMINISTRATOR, v. HART.

[No. 24,234½. Filed March 15, 1923. Rehearing Denied October 12, 1923.]

1. APPEAL.—*Decedents' Estates.—Time for Taking Appeal.—Statute.*—In an appeal from a judgment in a proceeding connected with a decedent's estate, the statute (§2978 Burns 1914, Acts 1913 p. 66, §3) expressly limits the time for perfecting an appeal to 120 days after the judgment becomes final on overruling a motion for a new trial, unless the time should be extended in some manner known to the law. p. 510.

2. APPEAL.—*Time for Perfecting.—Extension of Time.—Inherent Power of Court.*—Where a judgment in a matter connected with a decedent's estate became final on June 2, by the overruling of appellant's motion for a new trial, and 120 days were allowed to tender a bill of exceptions, which, on the 120th day, was presented to the trial judge, signed by him, and filed, but the transcript was not then complete and no part of it was filed in the office of the clerk of the Supreme Court within the time allowed by law, and no effort was made to secure an extension of time for filing an appeal bond, with the resulting extension of the time for filing the transcript, a petition to be allowed to file the uncompleted transcript in October, that being after the expiration of the time allowed for taking such appeals, was not granted, as the facts did not call for an exercise of the inherent power of the court to grant an appeal after the lapse of the time allowed by statute for perfecting it. p. 517.

From Putnam Circuit Court; *James P. Hughes,* Judge.

Action by Bessie Hart against George H. Smith, Administrator. From a judgment for plaintiff, the defendant petitions to be allowed to appeal after time expired. *Petition denied.*

*Rawley & Baumunk* and *Edward H. Knight,* for appellant.

*Hottel & Patrick* and *Frank Stoessel,* for appellee.

PER CURIAM.—The petitioners herein will be referred to as the appellant, and the adverse party as the appellee. On June 2, 1922, a motion for a new trial filed in this action by appellant was overruled, and a judgment for $12,000 recovered by appellee on a claim against the decedent's estate represented by appellant became absolute. The court allowed 120 days to file a bill of exceptions, and on the afternoon of September 30, being the 120th day, a bill of exceptions containing the evidence was duly presented to the trial judge, signed by him, and filed. The decision having grown out of a matter connected with the estate of a decedent, the statute allowed only 120 days after the date of rendering judgment in which to perfect an appeal, unless the time should be extended in some manner known to the law. §2978 Burns 1914, Acts 1913 p. 66, §3. Ewbank's Manual (2d ed.) §104, and authorities cited.

In the first thirty days after judgment was rendered, appellant did nothing but procure the evidence, or a part of it, to be written out in long hand by the court stenographer, and counsel admit that he is not within the statutory provision (§2978 *supra*) that the court to which the appeal is taken may, for good cause shown, extend the time for filing an appeal bond, with resulting extension of the time for filing the transcript and as-

signment of errors. *In re Whisler* (1914), 56 Ind. App. 269, 273, 105 N. E. 158.

Complaining of the failure of the clerk to prepare and certify within the time promised, a complete transcript, as he was directed, appellant does not show that he filed what he found written up on the last day for taking an appeal, and then applied for a writ of certiorari to bring up the omitted parts. §710 Burns 1914, §668 R. S. 1881; Rule 32 Supreme Court; *Cook Brewing Co.* v. *Ball* (1899), 22 Ind. App. 656, 658, 52 N. E. 1002; Ewbank's Manual (2d ed.) §210, *et seq.* But he invokes the inherent power of the court to relieve a party from the consequences of an accident or mistake, or a failure of duty on the part of an officer of the court, where such party has diligently performed his duty in the matter of perfecting the appeal, and the failure fully to perfect it in time was not due to his own default or negligence. See *Bank of Westfield* v. *Inman* (1892), 133 Ind. 287, 33 N. E. 885; *Hutts* v. *Martin* (1892), 131 Ind. 1, 30 N. E. 698, 31 Am. St. 412; *Hitt* v. *Carr* (1921), 77 Ind. App. 488, 130 N. E. 1.

The parties have filed affidavits and counter-affidavits, from which we gather the following facts:

The action was commenced in Clay County, and was taken by change of venue to Putnam County, where local attorneys were employed who helped to try the case, and when the motion for a new trial was overruled on June 2, 1922, they reserved an exception on behalf of appellant, and procured an order granting 120 days to file a bill of exceptions, but thereafter had no further employment in the case. The attorney originally employed by appellant, who lives at Brazil, in Clay County, Indiana, has had exclusive charge of all proceedings since the motion for a new trial was overruled. Immediately thereafter, he directed the official court reporter to prepare a bill of exceptions containing

the evidence as promptly as possible, and before July 15, she had copied all of the evidence, except a deed that was lost, and except a few remarks of the trial judge, and had the bill of exceptions in such condition that it could be and thereafter actually was completed by a few minutes work of the reporter. In this condition, it was delivered to appellant's said attorney at the clerk's office, with a note asking that, on the return of the reporter from her vacation, he would indicate whether or not he wanted certain remarks of the judge copied into the transcript, and stating that the deed was lost, and should be sought for. The bill of exceptions remained in this uncompleted condition until after 1:25 p. m. on September 30, 1922, at which time said attorney went to Greencastle and procured it to be completed by the reporter and signed by the judge, and at 2:30 p. m. that day caused it to be filed with the clerk. That from July 5 to September 25, the reporter was in Chicago, but on September 13, she wrote to appellant's said attorney that she would return to Greencastle on September 25, and must have the missing deed, or a copy of it, and on September 19, said attorney received a letter from counsel for appellee, stating that there would be no objection to a copy of the deed taken from the county record, and that the reporter had been so informed, and, at the same time, he received a certified copy of the deed for which he had sent. On July 15, appellant's said attorney had verbally directed the clerk and deputy clerk at Greencastle to prepare at once a full, true and complete transcript of the record for an appeal, and the clerk or deputy clerk had promised to do so, saying that receipt of the order then would enable them to complete the transcript before the September term of court should begin, but neither appellant nor his attorney at any time told the clerk or deputy clerk that the

transcript must be completed by any definite date. The transcript of all the record except the bill of exceptions would not exceed 150 typewritten pages, and could readily and easily be prepared within the time as promised, which the appellant and his said attorney knew. No praecipe in writing was filed until the afternoon of September 30, when a written direction to prepare and certify a transcript of all the record, using the original bill of exceptions, was delivered by appellant's attorney to the deputy clerk, who then told him that the transcript was not finished, and could not be completed for several days.

The deputy clerk, after receiving said verbal order in July, and prior to September 4, had written out practically all of the transcript now offered for filing, but had been unable to find a motion filed by the defendant (appellant) to strike out parts of the fourth paragraph of the claim sued on, or to find a set of instructions tendered by defendant (appellant) and refused by the court, as shown by entries in the orderbook. The clerk and his deputy did not notify appellant nor any of his attorneys of such inability to find said motion and requested instructions, but continued to search for them, believing that appellant had 180 days in which to appeal. It does not appear that appellant, or his attorney, or anybody on appellant's behalf, communicated in any way with the clerk or deputy clerk after the verbal order for a transcript was given in July until the afternoon of September 30. His said attorney spent the forenoon of that day in the Clay Circuit Court at Brazil, arguing a matter before a special judge, and at 12:50 p.m. left on an interurban car for Greencastle, where he arrived at 1:25 p.m. and procured the bill of exceptions to be completed, and at 1:50 p.m. procured the judge to sign it, after which

he talked to the judge a half hour, and at 2:30 p.m. filed the bill of exceptions in the clerk's office. Before the bill of exceptions was signed, the clerk had told said attorney that the transcript was not completed, and probably would not be completed for a week, and after he left the judge's private office, the deputy clerk told him that it would be several days before she could have it ready, but he was not then told that the motion and requested instructions were missing; neither did he ask the reason for the further delay, but said that he would like to have the transcript as soon as possible, and asked to be notified as soon as it was completed. While in the clerk's office at that time, appellant's said attorney delivered to the deputy clerk the said written order for a complete transcript of the record in the cause. On October 3, the clerk telephoned him, at Brazil, that said requested instructions and motion could not be found, and on October 9, he withdrew said praecipe for a complete transcript, and substituted one which recited the giving of the verbal direction on July 15, the clerk's statement on September 30, that another week would be required, and the receipt of information for the first time, on October 3, that defendant's requested instructions and said motion could not be found, and directed the clerk, for that reason, to omit the lost papers, and to prepare a full, true and complete transcript of all other parts of the record, and include in it the original bill of exceptions. The transcript, with those papers omitted, was accordingly certified that same day, and five days later, on October 14, 1922, a verified petition, with supporting affidavits stating most of the facts above set out, was presented to the Supreme Court, with an offer to file said transcript. Those facts above recited which are not stated in the petition and affidavits filed with it appear, without contradiction, from

counter-affidavits and supporting affidavits afterward presented. September 30, 1922, was Saturday, and the clerk of this court was authorized by law to close his office at noon, the afternoon being made a half holiday for certain purposes. §9627 Burns 1914, Acts 1907 p. 691, §2. See *Board, etc.,* v. *Tincher Motor Car Co.* (1912), 49 Ind. App. 221, 97 N. E. 22.

But the petition and affidavits state that appellant and his said attorney intended to bring the transcript to Indianapolis on the afternoon of September 30, if it had been completed, taking passage on an interurban car due to leave Greencastle at 2:15 p. m. and due to arrive in Indianapolis at 3:57 p. m. or on a later car leaving at 3:20 and arriving at 4:45 p. m. and, upon arrival in Indianapolis, intended immediately to take the transcript to the office of the clerk of this court and leave it there for filing; that they expected to have the transcript put into the clerk's office by "some custodian at the State House", relying on a custom on the part of the clerk, which they make oath now exists and has existed "many years", of which they say they had knowledge, for the clerk to file, as of the day they were placed there, papers which he may find in his office after a holiday. Other facts are stated by way of explaining why counsel waited until the last day before procuring the bill of exceptions to be signed and filed, when the reporter had returned to Greencastle on September 25, and a certified copy of the lost deed had been obtained a week before that; and also showing that if accepted and filed, the transcript and assignment of errors will present for decision an important question of law. And it is averred that late in the afternoon of September 30, appellant's said attorney called an attorney at Indianapolis by telephone, and told him the transcript could not be completed in time, and

asked him to prepare a petition for permission to file it, which he promised to do. But it does not appear that anything has been added to the transcript or any changes made. in it since September 30.

As we understand the statements in the affidavits, appellant is now offering to file exactly the same transcript which had been written at the time his attorney procured the bill of exceptions to be signed and filed, except that his praecipe, dated October 9, was inserted, the clerk's certificate of that date was attached, an assignment of errors, an index and certain marginal notes have been supplied, and the transcript has been bound in "boards."

So far as appears, he might have supplied this praecipe and had the clerk's certificate attached on September 30, and have come to Indianapolis that afternoon.

Whether depositing the transcript in the clerk's office without his knowledge would have been a sufficient filing, or whether appellant would have been required to find the clerk and deliver the transcript to him is a question not before us as to which we intimate no opinion.

It does not appear that there was anything which prevented appellant and his counsel from knowing the exact stage which had been reached in copying the transcript, nor the reason why more had not been done in that behalf, at any time after September 4, except that they did not inquire, though counsel had known since July 15, the day when he gave the verbal order for a complete transcript, that a deed which had been read in evidence was lost, and on September 11, had written to opposing counsel about it, and on September 16, had ordered a certified copy, which was afterward substituted for that lost instrument. July 15, when he first knew that a paper used at the trial was lost, was five and a half months after the trial ended, and

six months after the lost motion to strike out was filed and ruled on.

We do not think the facts shown call for an exercise of the inherent power of the court to grant an

2. appeal after the lapse of the time allowed by statute for perfecting the appeal.

The petition is denied.