MID-WEST MORTGAGE AND BOND COMPANY *v.* SCOTT
ET AL.

[No. 11,685.    Filed October 24, 1923.    Motion to set aside dismissal denied December 5, 1923.]

COURTS.— *Perfecting Appeals.— Probate Proceedings.— Jurisdiction of Appellate Court.—Statutes.*—Where claims against a decedent's estate are transferred to the issue docket for trial, and a judgment was entered in favor of the decedent's estate and for one claimant against the other, who filed a general motion for a new trial of the whole case; held when the appeal is not perfected in accordance with the statute governing probate proceedings (§§2977, 2978 Burns 1914, §2454 R. S. 1881, Acts 1913 p. 15) it must be dismissed for lack of jurisdiction.

From Randolph Circuit Court; *Alonzo L. Bales,* Judge.

Action by Anna D. Scott and the Mid-West Mortgage and Bond Company against the estate of William J.

Hayes, deceased. From the judgment rendered, the named appellant appeals. *Appeal dismissed.*

*Walter G. Parry* and *Orr & Clark,* for appellant.
*Van Atta & Clawson,* for appellees.

PER CURIAM.—The appellee Anna D. Scott filed a claim against the estate of William J. Hayes in the sum of $1,000. This claim was disallowed by the administrator of said estate and the same was thereafter transferred to the issue docket for trial.

Thereafter, February 27, 1922, said claimant, by leave of court, filed an amended claim for the same amount, making both said estate and the appellant herein parties defendant thereto. To this amended claim the appellant answered by general denial.

Prior to the filing of said amended claim, the appellant had, on August 30, 1921, filed its claim against said estate in the sum of $440, claiming said sum as due it as a balance of a commission earned by it in the sale of certain real estate, owned by the said William J. Hayes, deceased, and by said claimant sold to the appellee Anna D. Scott. The appellee Scott was, by her claim, seeking to recover back the sum of $1,000, which she had paid as a part of the purchase price of said real estate, the said sale not having been fully consummated.

In this condition of the record the two causes were, by order of the court, consolidated and submitted to the court for trial as one cause. There was a finding against the appellant on its claim against said estate; a finding against appellee Anna D. Scott and in favor of said estate on her amended claim; a finding in favor of said Scott and against appellant on the amended claim of said Scott. There was judgment accordingly.

The appellant duly filed its motion for a new trial, which was overruled, and an exception duly saved, at

which time appellant was given forty-five days within which to file its appeal bond. The said bond was filed thirty-eight days thereafter.

The appellees have each moved the dismissal of this appeal on the ground that the same was not taken and perfected in accordance with the statute. §§2977, 2978 Burns 1914, §2454 R. S. 1881, Acts 1913 p. 65.

The motion for a new trial in this case was a general motion, went to the whole case, the disallowance of appellant's claim of $440 against said estate, as well as the finding in favor of the appellee Scott on her amended claim, against appellant, and sought a retrial of the entire case.

As the trial of this case involved the probate jurisdiction of the court and as this appeal was not taken in accordance with statute governing such appeals we are without jurisdiction. *Vail* v. *Page* (1913), 175 Ind. 126, 93 N. E. 705; *Wilt* v. *First Nat. Bank, etc.* (1916), 64 Ind. App. 649, 114 N. E. 91.

Appeal dismissed.

Nichols, J., not participating.