GUNDY, ADMR. *v.* McDOWELL LUMBER COMPANY.

[No. 14,872. Filed June 1, 1933. Rehearing denied November 29, 1933.]

*W. H. Eichorn, Frank W. Gordon* and *J. H. Edris,* for appellant.

*Claude Cline,* for appellee.

CURTIS, J.—The appellee herein filed a claim in the office of the clerk of the Huntington Circuit Court against the estate of Ulysses A. Gundy, deceased, which estate was pending therein. Subsequently second, third, and fourth paragraphs of claim were filed, all growing out of the same transaction. The claim was disallowed by the administrator and then transferred to the issue docket for issue and trial as provided by section 3161, Burns Ann. Ind. Stat. 1926 (§3128 Baldwin's Ind. Ann. Stat. 1934). The issues were made on the claim and the general denial interposed by statute.

Upon the issues thus formed there was a trial before the court resulting in a general finding and a judgment for $681.00 in favor of the appellee against said estate. Appellant filed a motion for a new trial which was over-

ruled and an exception duly taken and this appeal prayed and granted. The error assigned, and relied upon for reversal, is the ruling of the court on said motion. The causes in said motion, properly assigned, are that the decision of the court is not sustained by sufficient evidence, is contrary to law, and alleged error as to the amount of recovery, in that it is too large.

On November 18, 1931, the court entered the judgment above mentioned. The motion for a new trial was filed on December 10, 1931, and overruled on the 30th day of June, 1932. The transcript was not filed in this court until December 27, 1932, which was more than 120 days from the date of the judgment and also more than 120 days from the time the motion for a new trial was overruled.

Where the motion for a new trial is overruled after the date of the judgment in a matter growing out of decedent's estate, the transcript may be filed within 120 days from the date of the overruling of the motion for a new trial. See *House* v. *Cardinal et al.* (1919), 69 Ind. App. 428, 122 N. E. 11. But 120 days from either the date of judgment or the date when the motion for a new trial was overruled.

The appellee has filed a verified motion to dismiss this appeal based, among other things, upon the following facts, each of which is fully borne out by the record, to wit: That the appeal of necessity was taken under the sections of the statutes in reference to an appeal growing out of matters connected with a decedent's estate, the same being sections 711, 3310, and 3311, Burns 1926 (§§489, 3277, 3278, Baldwin's 1934) ; that the transcript was not filed in this court until more than 120 days after the judgment was entered and was not filed until more than 120 days after the motion for a new trial was overruled and that no extension of time was asked for in this court and none given as provided for in said section 3311, *supra.*

The main purpose of the above statutes in shortening the time for appeal, in matters "growing out of any matter connected with a decedent's estate" is to expedite the settlement of estates, and said statutes are binding upon both the claimant and the administrator. The filing of the transcript within the time fixed by the statutes is jurisdictional and if filed too late the appeal must be dismissed. See *Willis, Administrator* v. *Ferguson, Guardian* (1916), 62 Ind. App. 563, 111 N. E. 810; *Nash, Admr.* v. *Burgess, Executor* (1923), 79 Ind. App. 460, 135 N. E. 800; *In re Petition of Whisler* (1914), 56 Ind. App. 269, 105 N. E. 158; *House* v. *Cardinal, supra, Vail* v. *Page* (1911), 175 Ind. 126, 93 N. E. 705; *Smith, Admr.* v. *Hart* (1923), 193 Ind. 509, 138 N. E. 501; *Mid-West Mortgage and Bond Company* v. *Scott et al.* (1923), 80 Ind. App. 542, 141 N. E. 228.

The record in the instant case shows conclusively that this appeal grows out of a matter connected with a decedent's estate. The transcript having been filed too late, the motion to dismiss the appeal is sustained and the appeal is dismissed.