MAHOLM, ADMINISTRATOR v. McMILLIAN.

[No. 15,412. Filed February 13, 1935. Rehearing denied May 10, 1935.]

*T. Ernest Maholm,* and *Isidor Wulfson,* for appellant.
*Karabel & Lipman,* for appellee.

SMITH, C. J.—Appellee filed a motion to dismiss this appeal upon the ground that the assigment of errors and the transcript were filed in this court 214 days after the overruling of appellant's motion for new trial.

This is an appeal from a judgment in the probate court of Marion county which set aside the final settlement of appellant as administrator of the estate of Chester N. Franklin, deceased, and ordered that the appellant file a new report within thirty days therefrom.

On the 14th day of May, 1934, the probate court overruled appellant's motion for a new trial, and the appellant filed his assignment of errors and transcript in this court on the 14th day of December, 1934, 214 days after the overruling of said motion for new trial.

Appellant, in his answer to appellee's motion to dismiss, alleges that on the 9th day of June, 1934, he filed and submitted to the probate court his motion and affidavit of the court reporter, asking for additional time in which to file his bill of exceptions; and that upon said motion the court extended the time until November 14, 1934; that on the 9th day of November, 1934, appellant filed his bill of exceptions, and delivered same to the clerk of the probate court of Marion county, Indiana; and that the clerk did not complete said transcript and deliver same to appellant until the 5th day of December, 1934; and that said transcript was filed in this court on the 14th day of December, 1934.

Appellant further alleges in his answer that the Marion Probate Court was in vacation from July 1, 1934, to September 4, 1934; that the bill of exceptions was voluminous, and through no fault of his the reporter and the clerk of the court did not complete said transcript within the time for filing. He also alleges that he was diligent in perfecting the appeal, and that the filing of the transcript after the time allowed by statute was through no fault of his, but that he "inadvertently neglected to file a petition with this court for additional time to perfect and file transcript."

The above are the reasons offered by appellant for not filing the assignment of errors and transcript in this court within the time allowed by statute.

The statute of Indiana governing appeals in probate matters provides that the appeal must be perfected within 120 days after the judgment becomes final, except upon certain conditions, and in no event more than 180 days. Sec. 3311, Burns Ann. St. 1926; sec. 6-2002, Vol. 3, Burns 1933; sec. 3278, Baldwin's Ind. St. 1934. *Gundy* v. *McDowell Lumber Co.* (1933), 97 Ind. App. 638, 185 N. E. 869.

No legal excuse is offered by appellant why he did not perfect his appeal within the time allowed by statute. The assignment of errors and transcript not having been filed in this court until 214 days after the overruling of the motion for new trial, and after the judgment became final, this appeal was not filed within the time provided by statute.

Appeal dismissed.