Beaty v. Voris et al.

No. 17,255.

BEATY v. VORIS ET AL.

APPEAL.—*Dismissal.*—*When Prosecuted Under Decedent's Act, When Under the Code.*—Where an administrator petitioned for an order to sell land to satisfy an allowed claim secured by a lien on the land, and other creditors being made parties thereto upon their own motion, filed a cross-complaint to which the claimant was made a party, and issues being joined on the cross-complaint, the trial resulted in a judgment thereon against the claimant, setting aside and disallowing the claim, an appeal from such proceeding is governed by the decedent's act; and if, in such case, an appeal is desired to be prosecuted after the expiration of the thirty days allowed by statute, leave must be obtained of the appellate tribunal, in accordance with the statute.

From the Bartholomew Circuit Court.

*M. D. Emig,* for appellant.

*M. Hacker* and *C. F. Remy,* for appellees.

COFFEY, J.—The appellant, Josiah Beaty, filed his claim, consisting of a note secured by mortgage, against the estate of Sarah Brown, deceased. The claim was allowed by the administrator of her estate, and was declared a lien on all the land of which she died seized.

The administrator then filed his petition in the Bartholomew Circuit Court, praying an order to sell the land to make assets with which to pay the claim, whereupon the appellees, Samuel M. Voris and William H. Butler, having claims against the estate, were, on their own motion, admitted as parties to the proceeding, and filed a cross-complaint, to which they made the appellant a party defendant.

Such cross-complaint alleged, among other things, that the note held by the appellant against the estate of Sarah Brown was without consideration, and they prayed that the order to be made for the sale of the land be

made for the payment of their claims, and that the allowance of the claim of the appellant be set aside and such claim disallowed.

Issue was made on this cross-complaint, and, upon a trial by the court, a finding and judgment was entered in favor of the appellees and against the appellant.

This appeal is prosecuted under the code, and not in accordance with the provisions of the decedents' act. The appellees, for this reason, move to dismiss the appeal.

The only question, therefore, for our consideration is the question as to whether the appeal, under the facts above stated, is governed by the code, or whether it is govered by the provisions of the statute relating to the settlement of decedents' estates.

It is to be observed that all these proceedings were had under an application of the administrator to sell the land of the decedent to make assets with which to pay debts.

It is settled that an appeal from a petition by an administrator to sell lands to make assets for the payment of debts is not governed by the code, but such appeal must be taken pursuant to the provisions of the statute governing the settlement of decedents' estates. *Galentine* v. *Wood, Admr.*, 137 Ind. 532.

The administrator of the estate of Sarah Brown is a necessary party to this appeal, as he would not be bound by any judgment we might render, unless he was in this court. In view of these facts, and as it is perfectly evident that no legal settlement of the estate can be had pending this appeal, we are of the opinion that the proceeding is so connected with the settlement of a decedent's estate as to require that the appeal should be taken under the provisions of the decedent's act. If parties desire to appeal cases of this character after the expiration

of the thirty days allowed by statute, they must make application to this court for leave to appeal, in accordance with the provisions of the statute upon that subject.

Appeal dismissed, at the costs of the appellant.

Filed June 8, 1994.