Wilhelm *v.* Scott.

Judgment reversed.

Filed December 10, 1895; petition for rehearing overruled January 29, 1896.

---

No. 1,528.

## WILHELM *v.* SCOTT.

REPLEVIN.—*Impounded Animals.*—One whose hogs are impounded in accordance with the statute, when found running at large, cannot replevin them until he pays or offers to pay the costs and expenses of the proceeding.

APPELLATE PROCEDURE.—*Presumption.*—*Public Officer.*—*Duty Performed.*—*Impounded Animals.*—It will be presumed on appeal, in

support of a judgment in favor of a public officer, who impounded hogs running at large, that he performed his duty of advertising them for sale.

From the Grant Circuit Court.

*Baldwin & Oliver*, for appellant.

*Elliott & Elliott*, for appellee.

Ross, C. J.—Appellant brought this action to recover possession of personal property alleged to be unlawfully detained from him by appellee.

The cause was tried by jury, and at appellant's request a special verdict was returned. Both parties asked for judgment on the verdict, appellant's motion therefor was overruled and appellee's sustained.

The only question presented on this appeal is whether or not the facts found by the jury were sufficient to sustain a judgment for appellant.

The facts found and returned by the jury in their verdict are as follows:

"That on the 25th day of May, 1893, the plaintiff was the owner of the hogs mentioned in the complaint and writ of replevin in this cause; that said plaintiff was, on said day, the owner of a farm about one-half mile south of the village of Upland, in the township of Jefferson, in Grant county, Indiana; that said farm is on the east side of the pike running south from said village of Upland; that on the opposite side of said pike, in said Jefferson township, was located the University addition to Upland; that said University addition had, prior to said day, been platted and opened up into lots, blocks, and streets; that said University addition had been, on the 11th day of April, 1893, sold by said plaintiff to the Upland Land Company; that during the latter part of April, 1893, said Upland Land Company

proceeded to and did take down and remove the fence on the east side of said University addition and also portions of the fence on the north and west side of said addition; that it was the intention of said Upland Land Company, in tearing down and removing said fence, to remove, and they did remove, the enclosure from about said lands, and to make, and they did make, said University addition unenclosed lands and commons; that on the 25th day of May, 1893, the lands of said University addition were unenclosed lands; that on said University addition, among other streets or roads there was a street or road named Second street; that on said 25th day of May, 1893, said plaintiff knowingly permitted the hogs in question in this suit to run at large upon the roads and upon the unenclosed lands, comprising said Second street in said University addition; that said defendant was, on said 25th day of May, 1893, the road supervisor of the district in which said plaintiff's farm and said University addition was situated, in the township of Jefferson, in said Grant county, Indiana; that on said day said defendant, as such road supervisor, was informed by Mr. Clayton Wright, a resident of said Jefferson township, that said hogs were then and there running at large; that said defendant then and there saw said hogs running at large, and knew them to be the hogs of said plaintiff; that said defendant then took up said hogs and caused them to be impounded upon his farm in said district and township; that on said day said defendant, notified said plaintiff by postal card and writing that he, defendant, had taken up his, plaintiff's hogs found running at large in his district in said township, but at no time after the taking up of said hogs did he notify said plaintiff in writing, stating therein the time and the place of impounding, together with a full and complete description of said hogs; that the

plaintiff did not, nor did any other person for him, after taking up of said hogs by defendant, and before the bringing of this suit, pay or tender in payment to said defendant in lawful money of the United States the lawful fees and charges of said defendant for taking up and impounding said hogs; that said plaintiff made no payment or tender of any sum of money to defendant as his lawful fees and charges for taking up and impounding said hogs; that said plaintiff, at no time between the time said hogs were taken up by defendant and the bringing of this suit, made any demand of defendant for said hogs; that said defendant's fees and charges at the time this suit was commenced for taking up and impounding said hogs was the sum of $20.00; that the fence between the plaintiff's farm and the public highway and the commons and the unenclosed lands of Jefferson township, where he attempted to keep his hogs, was not such a fence as good husbandmen generally keep, and was insufficient for the purpose of fencing in said plaintiff's said hogs; that said plaintiff knew of the insufficiency of said fence, and that his said hogs passed and repassed through said fence to and from the road, unenclosed lands and commons of said Jefferson township; that on the 25th day of May, 1893, said plaintiff had no permission or reservation allowing him to pasture his said hogs on said unenclosed lands, streets, roads or commons of said University addition; that said hogs were impounded in a proper pound, and that said defendant did exhibit said hogs to said plaintiff while the same were so impounded in a proper pound, and that said defendant did exhibit said hogs to said plaintiff while the same were so impounded; that the plaintiff is now, and was at the commencement of this action, on the 14th day of June, 1893, the owner of the hogs described in the complaint; that from the 25th

day of May, 1893, to June 14, 1893, defendant had the hogs impounded on his own farm.

If, upon the foregoing facts, the law is with the plaintiff, we find for the plaintiff, and assess his damages at $——. If the law is with the defendant, we find that he is entitled to the possession of said hogs mentioned and described in said complaint and writ of replevin in this cause, and that the value of said hogs is $70.00."

The burden rested upon the appellant to prove all of the material facts alleged in his complaint, to entitle him to recover.

If the facts found by the jury in their special verdict are insufficient upon which to base a judgment in favor of the party upon whom rests the burden of the issue, it is sufficient to sustain a judgment for the opposite party.

Replevin is simply a possessory action. *Fruits* v. *Elmore*, 8 Ind. App. 278.

Ownership is not necessarily involved in such an action, for the right of possession may exist in another than the owner. Ordinarily, proof of ownership of personal property implies also the right of possession. But in actions charging the defendant with being in the unlawful possession of the property sought to be recovered, it devolves upon the plaintiff to prove his right to possession. And while in an action in replevin proof of title in the plaintiff is a strong circumstance tending to show right of possession in him also, it is not conclusive, for possession is *prima facie* evidence of ownership of personal property.

The facts found by the jury show that the appellee, as road supervisor, impounded appellant's hogs, which he found running at large. Section 2838, R. S. 1894 (section 442, E. S.).

This statute imposes upon road supervisors the duty

of taking up all horses, cattle, sheep, goats, or swine found running at large upon the roads, commons or unenclosed lands within their respective districts. And if they fail to perform this duty they are subject to a fine for each and every offense.

When the officer has done his duty and impounded the stock found by him running at large, the owner can get them released only by paying the expense necessarily attendant upon their taking up and care, where at least, as in this case, there is nothing to show that the officer has failed to follow the strict letter of the statute. Until he pays or offers to pay these costs and expenses, he has no right to the possession of the property impounded.

The jury found in their verdict, that the appellant neither paid nor tendered to appellee the lawful fees and charges to which appellee was entitled for taking up and impounding said hogs.

We think the facts found clearly insufficient to support a judgment for appellant.

The court below, therefore, did not err in overruling appellant's motion, or in sustaining appellee's motion for judgment on the verdict.

Judgment affirmed.

Filed April 23, 1895.

### ON PETITION FOR REHEARING.

DAVIS, J.—In his petition for a rehearing, the appellant insists that he was entitled to judgment on the special verdict in his favor, because there is no finding therein that the appellee advertised the hogs for sale. The special verdict shows that the appellant, as a public officer in the discharge of his official duty, in pursuance of the provision of a statute, came into the lawful possession of the hogs by taking them up and impound-

Wilhelm *v.* Scott.

ing them while running at large upon the road and unenclosed lands of his road district, and that their owner, the appellant, was known to him, and that he gave the owner notice in writing that the hogs were impounded by him, and that the owner went to the appellee's farm and the hogs were exhibited to him by appellee; and that appellant left the hogs in appellee's possession for twenty days, and then, without payment or tender of payment of appellee's fees or charges for the care or custody of the hogs, and without any demand for the possession thereof, brought this suit to recover them.

It is clear that appellee came into the lawful possession of the hogs when he took them up, and there is nothing in the finding indicating that he did not continue in such lawful possession until the commencement of this suit. If it appeared that he failed to advertise the hogs for sale at the time or in the manner provided by statute, or that he had, by any other act, either of omission or commission, rendered his possession of the hogs wrongful or unlawful, a different question would be presented. In the light of the facts found, we cannot presume that the officer failed in the discharge of his duties as defined by the statute. *Wyman* v. *Turner*, 14 Ind. App. 118.

The petition for rehearing is overruled.

GAVIN, C. J., and LOTZ, J., dissent.

Filed January 30, 1896.