## VAIL v. PAGE.

[No. 21,626. Filed January 26, 1911.]

1. APPEAL.—*Decedents' Estates. — Statutes. — Claims. — Bonds.— Suretyship.*—Where a judgment was affirmed on appeal, and the surety on the appeal bond died pending the appeal, and the judgment was affirmed, and the judgment plaintiff filed the judgment as a claim against the estate of such surety, the judgment rendered in such judgment plaintiff's favor grew out of a "mat-

ter connected with a decedent's estate," within §2977 Burns 1908, §2454 R. S. 1881, though the principal and the other sureties on the appeal bond were made parties to the claim against the administrator, the test being whether the probate jurisdiction of the trial court was involved. p. 129.

2. APPEAL.—*Jurisdiction.*—*Waiver.*—*Decedents' Estates.* — Where the transcript for an appeal from a judgment involving a "matter connected with a decedent's estate" is not filed within one hundred days after the date of the judgment, or the overruling of a motion for a new trial, if such overruling is subsequent to the rendition of judgment, the Supreme Court does not obtain jurisdiction of the appeal, and there can be no waiver by acts of the parties, the duty of the court being to dismiss the appeal on its own motion. p. 131.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Action by Charles Page against Aaron T. Vail and others. From a judgment for plaintiff, defendant Vail appeals. *Appeal dismissed.*

*Simmons & Dailey* and *Vesey & Vesey,* for appellant.
*Lesh & Lesh* and *John S. Branyan,* for appellee.

MORRIS, J.—In April, 1905, appellee brought an action in the Miami Circuit Court against the Fort Wayne Cooperage Company for damages for personal injuries; in the following June recovered judgment in the sum of $6,500, from which an appeal was taken to the Appellate Court; and the bond for the appeal was executed by said cooperage company, as principal, and Aaron T. Vail, William H. Niblick and John W. Vail, as sureties. The judgment of the circuit court was affirmed by the Appellate Court, and the cause was thereupon appealed to this court, which likewise affirmed it. After the affirmance of said judgment by the Supreme Court, execution was issued against the cooperage company, but returned unsatisfied, said company having become insolvent. On November 8, 1906, said William H. Niblick died intestate in Adams county, and thereafter his widow, Christina R. Niblick, was appointed by the Adams Circuit Court as administratrix of his estate. On October 8, 1907, appellee commenced this action by filing in

the office of the clerk of the Adams circuit court, his claim against said estate of William H. Niblick. The claim was founded on said appeal bond, and alleged a breach thereof, and demanded an allowance of $8,500. The administratrix did not allow the claim, and it was thereupon transferred to the issue docket of said Adams Circuit Court for trial. Afterwards appellee asked and was granted leave to file a second paragraph of complaint, making said Aaron T. Vail, John W. Vail and the Fort Wayne Cooperage Company new parties defendant, for whom process was issued. Said Aaron T. Vail and John W. Vail entered a special appearance and filed motions to quash the summons, which motions were sustained. Thereupon the administratrix filed her petition, in which she represented that the bond sued on was executed by said cooperage company, as principal, and Aaron T. Vail and John W. Vail and her decedent, as sureties, and she prayed that the claim be amended, and the cooperage company and the Vails be made parties defendant thereto. This petition was granted, and the court ordered plaintiff to amend his claim making the company and said Vails defendants, which was thereupon done, and on motion of plaintiff the court ordered the issuance and service of process on the new defendants. After the service of new process, various motions were made by defendants, and the venue of the cause was changed to the Wells Circuit Court. On May 15, 1909, the cause was at issue, and was tried by the court without a jury. On September 23, 1909, judgment was rendered by the Wells Circuit Court in favor of appellee, against the cooperage company as principal, and Christina R. Niblick, as administratrix of the estate of William H. Niblick, and Aaron T. Vail and John W. Vail, as sureties, in the sum of $8,198.79 and costs. From that judgment this appeal is prosecuted. During the progress of the cause Christina R. Niblick and Jesse G. Niblick were made parties defendant. All of said defendants are named in this appeal as appellants, but Aaron T. Vail alone has assigned errors.

March 2, 1910, the transcript was filed in the office of the clerk of this court. The cause was submitted April 1, 1910, and on May 20 appellant's brief was filed. On June 27 appellee filed his motion to dismiss the appeal, and at the same time filed his brief on the merits. On August 8 said appellant filed his reply brief on the merits and his brief on appellee's motion to dismiss the appeal.

Appellee's motion to dismiss, among other causes, is based on the failure of appellant to file the transcript within the time required by §2978 Burns 1908, Acts 1899 p. 397.

1. As the transcript was not filed until after the lapse of more than one hundred days from the date of the judgment, and as no bond was ever filed, it becomes necessary to decide whether this appeal is governed by the provisions of the civil code (§672 Burns 1908, §633 R. S. 1881), or by §§2977, 2978 Burns 1908, §2454 R. S. 1881, Acts 1899 p. 397.

Said §2977 provides that "any person considering himself aggrieved by any decision of a circuit court, * * * growing out of any matter connected with a decedent's estate, may prosecute an appeal to the Supreme Court, upon filing, with the clerk of the circuit court, a bond," etc. Said §2978 provides that "such appeal bond shall be filed within ten days after the decision complained of is made. * * * The transcript shall be filed in the Supreme Court within ninety days after filing the appeal bond."

Does the judgment appealed from grow out of "any matter connected with a decedent's estate"? If so, this appeal should be dismissed.

Since the decision in the case of *Seward* v. *Clark* (1879), 67 Ind. 289, overruling the case of *Hamlyn* v. *Nesbit* (1871), 37 Ind. 284, it has been held in an unbroken line of decisions that if the decision grows out of any matter connected with a decedent's estate, it is necessary to comply with the provisions of §2978, *supra*, or provisions of like character in earlier statutes, and that this remedy is exclusive. *Bell* v.

*Mousset* (1880), 71 Ind. 347; *Yearley* v. *Sharp* (1884), 96 Ind. 469; *Browning* v. *McCracken* (1884), 97 Ind. 279; *Miller* v. *Carmichael* (1884), 98 Ind. 236; *Bennett* v. *Bennett* (1885), 102 Ind. 86; *Rinehart* v. *Vail* (1885), 103 Ind. 159; *Webb* v. *Simpson* (1886), 105 Ind. 327; *Galentine* v. *Wood* (1894), 137 Ind. 532; *Beaty* v. *Voris* (1894), 138 Ind. 265; *Harrison Nat. Bank* v. *Culbertson* (1897), 147 Ind. 611; *Chipman* v. *Wells* (1904), 34 Ind. App. 1.

While this court has suggested in many of said cases that the object of the General Assembly in said enactments was to hasten the settlement of decedents' estates, it appears to be settled that the test applied in the determination of the question is, whether or not the probate jurisdiction of the trial court was involved.

In the case of *Koons* v. *Mellett* (1890), 121 Ind. 585, 7 L. R. A. 231, this court said: " The rule to be deduced from the decisions upon the subject is that in all proceedings under the law providing for the settlement of a decedent's estate, where the exercise of the probate jurisdiction of the court is invoked, the appeal is governed by §§2454, 2455 R. S. 1881." And see *Galentine* v. *Wood, supra; Webb* v. *Simpson, supra; Harrison Nat. Bank* v. *Culbertson, supra; Mason* v. *Roll* (1892), 130 Ind. 260.

Did the decision of this cause involve the probate jurisdiction of the trial court? The foundation of the action was the appeal bond, executed by decedent Niblick, as one of the sureties. Section 2828 Burns 1908, Acts 1883 p. 153, §5, compelled the claimant, in order to recover from the administrator, to file his claim with the clerk of the court having jurisdiction of the estate. Section 2829 Burns 1908, §2311 R. S. 1881, forbids the bringing of any action by complaint and summons against the administrator and other persons upon any contract jointly, or jointly and severally, executed by decedent and such other persons. Section 2842 Burns 1908, Acts 1883 p. 151, §11, provides, among other things, that if it shall be shown to the court that any person is bound

with the decedent on any contract which is the foundation of the claim, the court shall direct that the claim be amended by making such person a defendant in the action, and thereafter the action shall be prosecuted against him as a codefendant with the administrator, and judgment shall be rendered accordingly.

It thus becomes evident that this proceeding throughout involved the exercise of the probate jurisdiction of the court, and in no other jurisdiction could the claimant have obtained a complete remedy. Furthermore, it appears that the act concerning decedents' estates embraced provisions for every necessary proceeding had in this case.

It is, however, most earnestly contended by counsel for appellant, that, conceding that this appeal is governed by the act concerning decedents' estates, and not by the civil code, nevertheless, appellee has waived his right to insist on a dismissal, because the motion to dismiss was made after submission, and on the same day that he filed his brief on the merits of the appeal.

2.

Without discussing the question of the waiver of the right to file the petition to dismiss by reason of the failure to file the bond, it is sufficient to say that by the failure to file the transcript within the statutory period of one hundred days, this court never acquired jurisdiction of the appeal, and, in such case, it would be the duty of the court, on its own motion, to order a dismissal. *Flory* v. *Wilson* (1882), 83 Ind. 391; *Simons* v. *Simons* (1891), 129 Ind. 248; *Smythe* v. *Boswell* (1889), 117 Ind. 365; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534; *Miller* v. *Carmichael, supra; Nordyke & Marmon Co.* v. *Fitzpatrick* (1904), 162 Ind. 663.

Appeal dismissed.