STATE BOARD OF TAX COMMISSIONERS, ET AL. *v.* STANLEY, ET AL., ETC.

[Appellate Court No. 18,281. Transfer denied November 17, 1952.]

*J. Emmett McManamon,* Attorney General, *Walter O. Lewis,* Deputy Attorney General, and *Oliver Zeiher,* of counsel, for appellants.

*A. B. Chipman and Roy Sheneman,* both of Plymouth, for appellees.

EMMERT, J.—In our opinion the petition to transfer here does not raise any adequate ground for transfer on the merits of the issues decided by the Appellate Court. 123 Ind. App. —, 105 N. E. 2d 830, and 123 Ind. App. —, 106 N. E. 2d 812. The petition does assert as a ground for transfer under Rule 2-23 (4) (c) that the Appellate Court failed to give a statement in writing of each substantial question arising on the record and the decision of the court thereon. This brings into consideration the effect of a petition for rehearing in the Appellate Court.

"If, in disposing of the case on appeal, the court fails to give express or full consideration to questions presented, the remedy of the complaining party is by petition for a rehearing." *Stevens* v. *Templeton* (1910), 174 Ind. 129, 131, 91 N. E. 563. "The petition should ask a rehearing only on points that were properly presented for decision at the first hearing, and were overlooked or improperly decided." *Kilgallen* v. *State* (1921), 192 Ind. 531, 546, 132 N. E. 682, 137 N. E. 178. Rule 2-23 only grants the right to a transfer "within 20 days after a petition for rehearing has been denied." Our court has held that if a petition to transfer fails to disclose that a petition for rehearing in the Appellate Court was denied, no question is presented upon the merits of the Appellate Court opinion. See our per curiam opinion as reported in *Steel Construction Co.* v. *Rossville Alcohol & Chemical Co.* (1938), 105 Ind. App. 520, 523, 16 N. E. 2d 698. It is obvious that the Appellate Court should have an opportunity to correct its own omissions or errors by having the same called to its attention in a petition for rehearing. The petition for rehearing in this appeal

only alleged errors in the decision on the merits. No reference therein was made to the failure of the Appellate Court to decide questions of jurisdiction or contentions as to what was properly in the record. We are not required to consider specifications of error in a petition for transfer which were not presented to the Appellate Court first in a petition for rehearing. However, the petition does present a matter of appellate procedure which we deem of sufficient importance to justify clarification in denying the transfer.

On December 12, 1951, which was within the ninety day period for perfecting the appeal under Rule 2-2, appellants filed their petition for an extension of time to file transcript and assignment of errors, and on this petition the Appellate Court granted to and including February 4, 1952, to perfect the appeal. However, the record here fails to show any notice given to appellees of the filing of this petition as required by Rule 2-2.[1] Appellees assert the requirement of notice is jurisdictional, and that the Appellate Court should have dismissed the appeal for want of jurisdiction.

It is well settled that the failure to perfect an appeal within time deprives the court of jurisdiction of the subject matter appealed, and the court on its own

---

[1] "If within the time for filing the assignment of errors and transcript, as above provided, it is made to appear to the court to which an appeal or review is sought, notice having been given to the adverse parties, that notwithstanding due diligence on the part of the parties seeking an appeal or review, it has been and will be impossible to procure a bill of exceptions or transcript to permit the filing of the transcript within the time allowed, the court to which the appeal or review is sought may, in its discretion, grant a reasonable extension of time within which to file such transcript and assignment of errors." Rule 2-2.

motion should dismiss the appeal. *Vail* v. *Page* (1911), 175 Ind. 126, 130, 93 N. E. 705, and cases therein cited. See also *Johns* v. *State* (1949), 227 Ind. 737, 89 N. E. 2d 281. But in this case there was an extension of time granted, and by virtue of Rule 2-2 the Appellate Court had jurisdiction of the subject matter of granting extensions of time although it did not have personal jurisdiction of the appellees to grant the extension.

Our rules define what should be considered a general appearance and a special appearance as follows:

"A joinder in error, the filing of a pleading or a brief upon the merits by a party in person or by his attorney, an agreement in writing to submit a cause, or an unqualified written appearance filed in the clerk's office shall be deemed a general appearance which shall not be withdrawn without leave of court." Rule 2-10.

"A special appearance shall be so designated, shall be in writing, and shall state the particular relief demanded, together with the facts in support thereof." Rule 2-11.

Appellees failed to file a special appearance but did file their answer brief upon the merits in which they attempted also to raise the question of jurisdiction to enter the order granting the extension of time to perfect the appeal. When the appellees filed their brief on the merits they waived the question of jurisdiction of their person to enter the order for the extension of time. It is analogous to the defendant waiving matters in abatement by pleading matters in abatement in the same pleading with matters in bar.

The transfer is denied.

NOTE.—Reported in 108 N. E. 2d 624.