DAWSON ET AL. *v.* WRIGHT, MAYOR OF CITY OF
ANDERSON ET AL.

[No. 29,253. Filed November 2, 1955. Rehearing denied
December 14, 1955.]

*Samuel E. Johnson* and *Philip B. O'Neill,* both of Anderson, for appellants.

*Harold J. Anderson,* of Anderson, for named officials of the City of Anderson, appellees.

*Edwin K. Steers,* Attorney General, and *Frank E. Spencer,* Deputy Attorney General, for members of Public Service Commission of Indiana, appellees.

EMMERT, C. J.—This is an appeal from a judgment dismissing a cause of action by complaint, which was designated an "APPEAL FROM DECISION OF THE PUBLIC SERVICE COMMISSION OF INDIANA ON RATES ESTABLISHED AND BOND ISSUE FOR THE CITY OF ANDERSON, INDIANA, AND FOR APPOINTMENT OF RECEIVER." The prayer of the

complaint asked "that the order of the Public Service Commission of Indiana, in which rates were fixed for the users of water service in the City of Anderson, be set aside and that the order of the Public Service Commission of Indiana authorizing the City of Anderson to issue bonds in the sum of $1,900,000.00 be vacated and set aside and held for naught and that the fee charged the City of Anderson for the issuance of said bonds be vacated and set aside, that a receiver be appointed with instructions to conserve the City's assets during the remainder of the office term of the defendant, and that all of this be done pursuant to the statutes of the State of Indiana."

It is not necessary to state all the various procedural steps that were taken in the matter, but it is sufficient to note that an answer was filed in behalf of certain of the officers of the City of Anderson who were made parties, and three members of the Public Service Commission of Indiana also filed an answer.

The Honorable Cleon Wade Mount, Judge of the Tipton Circuit Court, was appointed special Judge, and the cause was submitted to the court for trial and evidence was heard. The court's intrinsic record does not show that the hearing of evidence was concluded, but it does show Judge Mount died prior to March 8, 1954, before any special finding and conclusions of law were made as requested by appellants.

Subsequently the Honorable Robert T. Caine, Judge of the Grand Circuit Court, was selected as special judge and he assumed jurisdiction in the cause. Thereafter three members of the Public Service Commission of Indiana filed a separate motion to dismiss the cause, and the Mayor of Anderson, the members of the Common Council of the City of Anderson, and the members of the Board of Works of the City of Anderson also filed a motion to dismiss the cause. Both motions in sub-

stance asserted the court was without jurisdiction of the subject matter of the action. The motion by the city officials also asserted the court had no jurisdiction of the City of Anderson and the Public Service Commission, alleging them to be necessary parties. Thereafter no trial was had, but on July 6, 1954, the motions to dismiss were presented and submitted for ruling thereon. The remainder of the court's entry is as follows:

"And the Court having heard argument of counsel and being duly advised now sustains each of the respective motions of the defendants.

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED THAT this cause of action be and the same is hereby dismissed, that the plaintiffs take nothing by this action and that the defendants recover of the plaintiffs their costs and charges laid out and expended."

On August 5, 1954, appellants filed what was designated as a motion for reconsideration of ruling made on July 6, 1954, and on the same date appellants also filed motion for new trial. On October 15, 1954, the court overruled the appellants' motion for reconsideration, and appellants' motion for new trial.

On January 13, 1955, appellants filed petition for an extension of time to file transcript and assignment of errors, in substance alleging the appeal should be perfected on or before the 14th day of January, 1955, unless the time be extended, and praying time be extended, to and including the 14th day of April, 1955. This court granted the extension of time to and including April 14, 1955, to file transcript and assignment of errors.

Appellees have filed a motion to dismiss this appeal, and the determination of this issue makes it unnecessary to determine any other issue asserted in appellants' original brief.

The legal effect of the death of Judge Mount before he had made any finding of facts and conclusions of law was to vacate the trial had by him as special judge.

"A party to an action is entitled to a determination of the issues by the jury or judge that heard the evidence, and where a case is tried by the judge, and the issues remain undetermined at the death, resignation or expiration of the term of such judge, his successor cannot decide, nor make findings in, the case, without a trial *de novo*. *Bahnsen* v. *Gilbert* (1893), 55 Minn. 334, 56 N. W. 1117; *Clanton* v. *Ryan* (1890), 14 Colo. 419, 24 Pac. 258; *In re Sullivan* (1904), 143 Cal. 462, 77 Pac. 153; *Conolly* v. *Ashworth* (1893), 98 Cal. 205, 33 Pac. 60; *Mace* v. *O'Reilly* (1886), 70 Cal. 231, 11 Pac. 721; *Norvell* v. *Deval* (1872), 50 Mo. 272, 11 Am. Rep. 413; *Weyman* v. *National Broadway Bank* (1880), 59 How. Prac. 331; *Putnam* v. *Crombie* (1861), 34 Barb. 232; *Cain* v. *Libby* (1884), 32 Minn. 491, 21 N. W. 739; *Ells* v. *Rector* (1875), 32 Mich. 379; 23 Cyc. 565." *Wainwright* v. *P. H. & F. M. Roots Co.* (1912), 176 Ind. 682, 698, 699, 97 N. E. 8. See also *State ex rel. Harp* v. *Vanderburgh Circuit Court* (1949), 227 Ind. 353, 363, 85 N. E. 2d 254.

"A judgment of dismissal is a final judgment from which an appeal may be taken." 2 Gavit, Indiana Pl. & Pr., p. 2081, §333. *Wall* v. *Hutton* (1930), 92 Ind. App. 705, 173 N. E. 600; *Straus Bros. Co.* v. *Fisher* (1928), 200 Ind. 307, 311, 163 N. E. 225; *Koons* v. *Williamson* (1883), 90 Ind. 599.

Since there had been no trial, the motion for new trial presents nothing for review. *Metsker* v. *Whitsell* (1914), 181 Ind. 126, 138, 103 N. E. 1078; 2 Gavit, Indiana Pl. & Pr., p. 2081, §333. Motions to modify a judgment or in arrest of judgment or to reconsider the ruling or a motion to vacate a

judgment do not extend the time for perfecting appeal. *Bachelder* v. *Parker* (1947), 118 Ind. App. 66, 74 N. E. 2d 926; *Zimmerman* v. *Zumpfe* (1941), 218 Ind. 476, 33 N. E. 2d 102; *City of Michigan City* v. *Williamson* (1940), 217 Ind. 598, 28 N. E. 2d 961. The case of *Pittsburgh, etc. R. Co.* v. *Kearns* (1920), 191 Ind. 1, 128 N. E. 42, on extending time for appeal, must be considered overruled.

In *Schneidt* v. *Schneidt* (1919), 69 Ind. App. 666, 122 N. E. 588, appellant prosecuted an action to vacate a decree of divorce. A demurrer was sustained to the complaint, and judgment rendered against appellant for refusal to plead over. Appellant then filed a motion for new trial on the ground the court erred in sustaining the demurrer. The court held filing the motion for new trial did not extend the time for perfecting an appeal, and reasoned as follows:

"The cause never having been tried, of course there could be no new trial. The pretended motion for a new trial was an absolute nullity, and presented nothing to the trial court for its consideration. The time for taking an appeal cannot be extended in that manner. *Rooker* v. *Bruce* (1908), 171 Ind. 86, 85 N. E. 351; *Goodrich* v. *Stangland* (1900), 155 Ind. 279, 58 N. E. 148; *Erwin School Tp.* v. *Tapp* (1890), 121 Ind. 463, 23 N. E. 505; *Corwin* v. *Thomas* (1882), 83 Ind. 110; *Reed* v. *Spayde* (1877), 56 Ind. 394; *Fisk* v. *Baker* (1874), 47 Ind. 534; *City of Huntington* v. *Cast* (1900), 24 Ind. App. 501, 56 N. E. 949; *Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12, 40 N. E. 128; *Decker* v. *Mahoney* (1917), 64 Ind. App. 500, 116 N. E. 57." Page 667.

Since the judgment in this appeal was entered without any trial, the motion for new trial presented nothing and could not extend the time for perfecting an appeal. Under Rule 2-2 the time for perfecting the appeal by filing a transcript and assignment

of errors with the clerk of this court had expired before we made an order which did not authorize a belated appeal, but only assumed appellants' position on the record was correct, and granted a regular extension pursuant to the rule. Our action did not foreclose the appellees from moving to have the cause dismissed. *Lock Joint Tube Co.* v. *Citizens Trust & Savings Bank* (1941), 218 Ind. 162, 31 N. E. 2d 989. A failure to perfect an appeal from a final judgment within ninety days, or within time properly extended under Rule 2-2, fails to give this court jurisdiction of the appeal and it should be dismissed. *State Board of Tax Commissioners* v. *Stanley* (1952), 231 Ind. 338, 341, 108 N. E. 2d 624; *Stocker* v. *City of Hammond* (1938), 214 Ind. 628, 16 N. E. 2d 874; *Brady* v. *Garrison* (1912), 178 Ind. 459, 460, 99 N. E. 738; *Vail* v. *Page* (1911), 175 Ind. 126, 131, 93 N. E. 705.

Appeal dismissed.

Bobbitt, Landis and Arterburn, JJ., concur.

Achor, J., not participating.

NOTE.—Reported in 129 N. E. 2d 796.