WHITE *v.* BOARD OF MEDICAL REGISTRATION AND EXAMINATION OF INDIANA.

[No. 29,313. Filed May 28, 1956. Rehearing denied July 26, 1956.]

*Charles W. Gannon,* of Gary, and *Albert W. Ewbank,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Thomas L. Webber,* Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from a judgment dismissing proceedings to review an order of the Board of Medical Registration and Examination of Indiana, hereafter referred to as the Board, which revoked appellant's license to practice medicine, surgery and ob-

stetrics in Indiana, for gross immorality under §63-1306, Burns' 1951 Replacement.

After a hearing before the Board, its finding and order were entered January 11, 1955. On January 24, 1955, appellant filed a $200 bond with the Clerk of the Lake Circuit Court, and on January 27, 1955, appellant filed with the same clerk a verified petition to review the order of revocation. No transcript of the evidence heard before the Board was ever filed on review, and on March 30, 1955, the Attorney General filed a special appearance for the Board and moved to dismiss the proceedings. The judgment of dismissal was entered on April 15, 1955.

Section 63-1306, Burns' 1951 Replacement, §1 of Chapter 253 of the 1947 Acts, provides for an "appeal" to the circuit or superior court of the county in which the license was issued, by filing a $200 bond with the clerk of such court within thirty (30) days from the entering of the order of revocation. Section 14 of the Administrative Adjudication and Court Review Act of 1947, §63-3014, Burns' 1951 Replacement, provides for "judicial review" by a petition to be filed with the circuit or superior court in any county where the Board's order or determination is to be carried out, within fifteen (15) days after the order, decision or determination is made. If this latter act controls, the judgment of the trial court should be affirmed.

Appellant contends that the provisions for an appeal under §1 of Chapter 253 of the 1947 Acts, §63-1306, Burns' 1951 Replacement, are still in force, and unrepealed by the Administrative Adjudication and Court Review Act of 1947, Chapter 365 of the 1947 Acts. It is to be noted that the former act provides: "If any act is passed by this session of the general assembly concerning uniform methods of conducting administrative

hearings, proceedings and appeals, the provisions of such act shall control, in so far as applicable, regardless of whether said act is passed or becomes effective before or after the passage or effective date of this act." This act contained an emergency clause and became effective on its approval March 13, 1947, while the Administrative Adjudication and Court Review Act became effective January 1, 1948. This latter act also had a general repealing clause, §63-3028, Burns' 1951 Replacement, and another section declaring the intention of the General Assembly that this act should supersede any other passed at the same session.[1]

But appellant asserts these repealing sections are not within the title of the act as required by Section 19 of Article 4 of the Constitution. The title to the act is "An act concerning the proceedings, orders and determinations of state officers and agencies and judicial review thereof." This title covered the subject matter of administrative orders and their review, and it was not necessary that the title disclose a repealing clause for other acts with provisions concerning court review or appeal.

"The law repealed, is in relation to the same subject, We are of opinion that the repeal of a former law on any given subject, is properly connected with the subject-matter of a new law on the same subject, and in strict accordance with the constitutional

---

1. "All general or special laws or parts of laws in conflict herewith are hereby specifically repealed. . . ." Section 63-3028, Burns' 1951 Replacement.

"The provisions of this act [§§ 63-3001—63-3030] shall supersede or control the provisions of any general or special act or part of act in conflict herewith, passed by this general assembly, regardless of whether such act or acts were passed before or after the effective date of this act." Section 63-3030, Burns' 1951 Replacement.

requirements that 'every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title,' although the repeal of former laws is not mentioned in the title of the new enactment." *Gabbert* v. *Jeffersonville R. Co.*, (1858), 11 Ind. 365, 366. This rule was followed in *Board, etc.* v. *Scanlan* (1912), 178 Ind. 142, 147, 98 N. E. 801.[2]

Nor does the title contain two subjects. Judicial review concerns the proceedings, orders and the determinations of state officers and agencies. " 'We realize that it is quite common with legislators in the framing of titles to bills, under promptings of extreme caution, to follow the general subject by a statement of particulars, or details—sometimes all, sometimes only in part. In such cases, if the subject is well stated, the specifications and details become surplusage, and of little consequence, for they neither invalidate the act, nor limit its application to any provision that is germane to the general subject expressed in the title, unless the language employed in the title clearly shows that it was the legislative intent to confine the act to the particulars specified. *Chicago, etc., R. Co.* v. *State, ex rel.* (1899), 153 Ind. 134; 1 Lewis' Sutherland, Stat. Constr. (2d Ed.), §131; *State, ex. rel.*

2. "Likewise where the statute and its repealing clause are captioned by a title covering the general subject matter, but which makes no reference to the fact that the statute contains a repealing provision, both the positive and repealing provisions will be sustained if they are both germane to the general subject matter." 1 Sutherland, Statutory Construction (Horack's 3rd Ed.) p. 451, § 2004.

"The repeal of a statute on a given subject, it is held, is properly connected with the subject-matter of a new statute on the same subject; and therefore a repealing section in the new statute is valid, notwithstanding the title is silent on that subject." 1 Cooley, Constitutional Limitations (8th Ed.) p. 302.

v. *Atherton* (1886), 19 Nev. 332, 10 Pac. 901; *In re Sugar Notch Borough* (1899), 192 Pa. St. 349, 43 Atl. 985." *Kelly* v. *Finney* (1935), 207 Ind. 557, 581, 194 N. E. 157.

Appellant fails to sustain his assertion that the fifteen days time limitation for filing his petition for review, §63-3014, Burns' 1951 Replacement, *supra,* is a denial of due process under the Fourteenth Amendment, and "due course of law" under §12 of Art. 1 of our Constitution. Appellant's original brief fails to cite any cases either in point or by analogy, which waives his contentions. Rule 2-17(e) (f).

The general rule for the computation of time within which an act is to be done is to exclude the first day and include the last. Section 2-4704, Burns' 1946 Replacement. The petition for review was filed one day too late. A failure to perfect an appeal from a court within time deprives the court of review of jurisdiction of the subject matter of the particular appeal. The provisions as to time are mandatory, and a condition precedent to the court acquiring jurisdiction on appeal from a lower court. *Vail* v. *Page* (1911), 175 Ind. 126, 131, 93 N.E. 705; *Board of Tax Commrs.* v. *Stanley* (1952), 231 Ind. 338, 341, 342, 108 N. E. 2d 624; *Dawson* v. *Wright* (1955), 234 Ind. 626, 129 N. E. 2d 796. The same rule applies where an appeal or review is sought from the order of an administrative board. *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 102 N. E. 2d 646; *McGuire* v. *Review Board, Employment Sec. Div.* (1951), 121 Ind. App. 377, 379, 99 N. E. 2d 263; *C. and W. Kramer Co.* v. *Miller* (1917), 65 Ind. App. 127, 115 N. E. 597; *Highfield* v. *Duffy* (1917), 64 Ind. App. 102, 115 N. E. 347. It was not necessary that the motion to dismiss the petition for review

should allege the Board gave notice as required by §63-3012, Burns' 1951 Replacement.[3] The requirements of notice were not jurisdictional for the Board, and it is presumed public officers do their duty until it is made to appear they have not. *Perry Civil Twp.* v. *Indianapolis Power & Light Co.* (1943), 222 Ind. 84, 51 N. E. 2d 371; *Wilhelm* v. *Scott* (1895), 14 Ind. App. 275, 40 N. E. 537, 42 N. E. 827. When an appeal is not perfected within the mandatory time required, the court should dismiss it on its own motion. *Vail* v. *Page* (1911), 175 Ind. 126, 131, 93 N. E. 705, *supra*; *Board of Tax Commrs.* v. *Stanley* (1952), 231 Ind. 338, 108 N. E. 2d 624, *supra*. This the trial court properly did.

Judgment affirmed.

Landis, C. J., Achor, Arterburn and Bobbitt, JJ., concur.

NOTE.—Reported in 134 N. E. 2d 566.

---

3. "Notice of all final orders and determinations shall be given promptly to all parties to the hearing by the agency." Section 63-3012, Burns' 1951 Replactment.