NOTE.—Reported in 185 N. E. 2d 546.

DE LAU ET AL. *v.* CITY OF HAMMOND.

[No. 19,892.   Filed January 3, 1963.]

*Buschmann, Carr, Schabel & Tabbert,* of Indianapolis, and *Paul B. Huebner,* of Hammond, for appellants.

*James Richards,* City Attorney, *Cordell C. Pinkerton,* Assistant City Attorney, *Harold Abrahamson* and *Owen W. Crumpacker,* all of Hammond, for appellee.

COOPER, C. J.—It appears from the undenied and uncontested allegations of the named appellee's verified objections to the petition of appellants for an extension of time in which to file transcript and assignment of errors that the appellants, other than appellant Frank De Lau, were not plaintiffs in the cause wherein the judgment sought to be appealed from was rendered, viz: Cause No. 161-198 of the Lake Superior Court, Room No. 1, but were named in the amended complaint filed therein of appellant, Frank De Lau, as additional party defendants; that no summons was issued to the Sheriff for service upon said additional parties; that the attorney for the plaintiff undertook to appear and file verified answer on behalf of said appellants, as additionally named party defendants, admitting the allegations of his own

complaint; that no relief was sought by said named additional party defendants.

On March 5, 1962, the trial court rendered general finding and judgment that the plaintiff, Frank De Lau, recover nothing. On March 28, 1962, the plaintiff, Frank De Lau, alone, filed a motion for a new trial. On the same day, March 28, 1962, said additionally named parties, being all the appellants except said Frank De Lau, filed a "Motion . . . for a Venire De Novo", on the alleged ground that the general finding of the court was defective, ambiguous, incomplete, and uncertain, and failed to find either for or against said additionally named defendants. Said motion for venire de novo was overruled by the court on May 24, 1962.

The amended complaint, according to the allegations of the said undenied verified objections of the appellee, sought no relief as against said additional named defendants and stated only that they were named "to answer as to their interest herein." They were not summoned or served with process and filed no pleading for affirmative relief. The only thing that happened, apparently, was that the counsel for the plaintiff undertook to appear for said defendants and file, in their behalf, an answer admitting the allegations of the amended complaint which said counsel had verified and filed on behalf of the plaintiff, appellant Frank De Lau.

Assuming that under the undenied facts and circumstances last aforesaid, the said additional defendants were in a position to file a motion of venire de novo, said motion must be filed before final judgment is rendered. See Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §1801, Comment 4, page 374, and cases cited. It ap-

pears here that the judgment was rendered on March 5, 1962 and the motion for venire de novo was not filed until March 28, 1962. It follows that said motion for venire de novo was filed too late to receive consideration. *Potter* v. *McCormack, et al.* (1890), 127 Ind. 439, 26 N. E. 883.

As shown herein, said additional defendants filed no motion for a new trial. Therefore, the only assignment of error they could attempt to present would be that the court erred in overruling said motion. As said motion was required to be filed prior to the rendition of the judgment, it could not, under any view point, operate to extend the time for perfecting an appeal. *Dawson et al.* v. *Wright, Mayor, etc.* (1955), 234 Ind. 626, 630 points 3, 4, 129 N. E. 2d 796.

Under Rule 2-2, the transcript and assignment of errors must be filed in the office of the Clerk of the Supreme Court within ninety days from the date of the judgment or the ruling on a motion for a new trial. As said defendants filed no motion for a new trial, the time within which their transcript and assignment of errors, or a petition for extension of time in which to file the same, must be computed from the date of the judgment. The herein considered petition for extension of time within which to file transcript and assignment of errors was filed by said additional defendants on August 22, 1962. The date of filing of said petition for extension of time was 170 days after the date of the rendition of the judgment, viz: March 5, 1962. Said petition by said additional defendants was, therefore, not filed within the time given and provided by said Rule 2-2, and as to them must be dismissed as the jurisdiction of this court has not attached. *Vail* v. *Page* (1911), 175

Ind. 126, 131, 93 N. E. 705; *State Board of Tax Commissioners et al.* v. *Stanley et al., etc.* (1952), 231 Ind. 338, 341, 108 N. E. 2d 624.

The petition of the appellant, Frank De Lau, filed August 22, 1962, was verified and alleged, in material part, that "notwithstanding due diligence on the part of appellants it has been and will be impossible to procure a bill of exceptions and transcript to permit the filing of the transcript within the time allowed for the reason that . . ., the court reporter, . . ., who reported the evidence, *has advised appellants' attorneys that she has other transcripts ahead of the transcript in this cause and that it will be impossible for her to complete the transcript of the* evidence herein before October 1, 1962." (Emphasis supplied.) No affidavit or statement of the said court reporter, in support of said petition, was filed by the said appellant.

On September 11, 1962, one Paul B. Huebner, as one of the attorneys for the appellants, filed his affidavit in support of the said petition for time. In this affidavit said attorney stated, in material part, that he requested the bill of exceptions of the court reporter, "first orally, and then, confirmed the order by letter on June 8, 1962"; that thereafter the court reporter submitted an estimated statement for said bill of exceptions; that affiant then had a conference with said reporter, protesting the size of the estimate; that during the conference, the court reporter informed affiant that "she had not had an opportunity to get around to this Bill of Exceptions by reason of other prior matters in which she had been, and still was, engaged in preparing"; that the affiant then "indicated that an extension of time would be

necessary and *the said Court Reporter confirmed this"*; that as a result of said conference, it was agreed by affiant and said court reporter that a "plan of preparation" of the bill of exceptions would be executed, in material substance as follows: First, the court reporter would proceed with the oral portions of the bill, reserving the large amount of written and documentary exhibits for later preparation; second, if necessary, the written and documentary exhibits were to be photostated, and the affiant would request the necessary extension of time for completion of the bill; that on August 22, 1962, the bill had been partially prepared, but not completed. (Emphasis supplied for clarity).

On November 26, 1962, an affidavit of said court reporter was filed which, in the main, countered the material and pertinent statements in said affidavit of said attorney.

Said counter affidavit of said court reporter has not been denied or challenged by the appellant, De Lau, or said attorney. The allegations thereof, therefore, must be accepted as a true statement of the facts concerning the efforts made and diligence claimed to have been exercised by said attorney. Said affidavit is somewhat particularized and is four pages in length. We see no impelling reason nor any judicial necessity requiring the same to be set forth herein in haec verba. In substance, it states that said reporter completed approximately 143 pages of said bill and on January 7, 1962, delivered the same to said attorney and on January 27, 1962, issued her "bill" therefor to said attorney; that said "bill" has not been paid; that said attorney has not paid any portion of $885.30 requested of him by her on July 10, 1962, as an advancement "under Burns' 4-3505"; that on September 7,

1962, said attorney "called" said reporter at her home "castigating" her for furnishing appellee an affidavit in connection with objections filed by said appellee in another appeal to the Appellate Court; that since July 20, 1962, said attorney has not been in contact with said reporter regarding the transcript herein, except the telephone conversation of September 7, 1962; that she did not "either advise or indicate 'That an extension of time would be necessary' as alleged in the affidavit of said attorney, nor did she "confirm any statement" by said attorney to that effect; that she did not *agree* upon 'the plan' of preparation of said Bill of Exceptions" as alleged by said attorney; that rhetorical paragraph 4(a) of the affidavit of said attorney "is not true"; that she did not agree on any "plan" whereby said attorney "would request the necessary extension of time for the Bill of Exceptions", as he alleged in his said affidavit; that she has done no further work on the bill of exceptions for the reason that she was not paid for the first 143 pages thereof in approximately seven months' time and she was not prepared to embark on the preparation of the balance of said bill until and unless some monetary payment was made to her, which "has never been forthcoming"; that she has been willing to accept pro-rata progress payments provided said attorney "would show good faith" by paying the bill submitted to him on January 7, 1962; that said attorney has not paid anything as he indicated he would pay in his phone call of September 7, 1962.

It thus clearly appears that neither the appellant, Frank De Lau, nor his said attorney has exercised

the due diligence required to show a good faith effort to perfect the appeal within the prescribed time. In fact, every indication appears from the said affidavits on file herein that said appellant, Frank De Lau, is attempting to perfect a faithless appeal. It is adequately exemplified that the appeal is not taken with conviction of reversible error but with a design of delay in accomplishing the fruits of justice. The valuable and already constricted time of this court is not to be expended in assistance to those who attempt to pursue appeals in which they hold no exhibited faith.

The petition of appellant, Frank De Lau, for extension of time in which to file transcript and assignment of errors is hereby denied.

NOTE.—Reported in 186 N. E. 2d 900.