John T. SHETTLE, George Lewallen, Roy Stebbing, David Crose, James Theobald, Julian Ridlen, Indiana State Police Advisory Board, Appellants (Respondents Below)

v.

Alan K. SMITH, Appellee (Petitioner Below).

No. 1–381A78.

Court of Appeals of Indiana, First District.

Sept. 22, 1981.

Rehearing Denied Nov. 16, 1981.
See 428 N.E.2d 33.

Linley E. Pearson, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellants.

Thomas A. Whitsitt, Iddings, Whitsitt & McClure, Lebanon, for appellee.

RATLIFF, Judge.

## STATEMENT OF CASE

John T. Shettle and other members of the Indiana State Police Pension Advisory Board (hereinafter, the Board) appeal from the trial court's reversal of the Board's refusal to consider further medical claims of

Alan K. Smith relating to a back injury suffered in 1968. We dismiss the appeal for lack of jurisdiction of the trial court.

## FACTS

In October 1968 Smith suffered a back injury and underwent surgery to repair a ruptured disc. Smith filed a claim for personal injury benefits with the Indiana State Police which was unanimously approved by the Board on January 15, 1969, as were additional expenses on March 26, 1969. In April 1969 the Board initiated a review of Smith's medical claims in view of information submitted that Smith had been engaged in outside employment with a construction company prior to the date of his injury which might have resulted in his medical claims. Smith appeared before the Board and testified regarding his outside work. The Board's minutes of April 23, 1969, reflect the following entry:

"A discussion followed regarding a previous claim paid in connection with back injury of *Alan K. Smith.* In view of information presented to the Board substantiating the fact that Alan K. Smith was engaged in outside employment with the Boyd Construction Company in the laying of pipe line prior to the date of his back injury, Trooper Smith was called before the Board for the purpose of determining if such employment could have caused the back trouble. More information from the Boyd Construction Company as to the nature of the duties performed by Trooper Smith is to be obtained prior to next meeting."

Record at 82.

The Board voted on May 28, 1969, to disallow any future claims from this back injury for Smith's failure to report all of the facts in connection therewith and made the following entry:

"A discussion followed regarding the relationship of *Alan K. Smith's* back ailment to outside employment. Upon motion by Cleon Houck, which was seconded by Roy Stebbing, the Board approved the disallowance of future claims for service-connected back injury in view of Trooper Smith's failure to report all of the true and pertinent facts."

Record at 26.

Smith claims that he was not advised of the May hearing, but does not contend that he was not notified of the results. On October 9, 1979, Smith filed an $18.00 medical claim in connection with his back injury. The Board denied the claim based on the 1969 decision. Smith sought to appeal the denial of the claim and was advised to appear at the November 28, 1979, hearing to present evidence. Smith obtained counsel on November 26 to represent him, but the Board denied counsel's request for a continuance. The Board reaffirmed the May 27, 1969 ruling at the November 28, 1979 hearing. Although Smith's counsel sought to obtain further hearings from the Board and its members, he was told at each step of the way that the Board would not reconsider the claim based on its 1969 decision. Finally, on March 6, 1980, Smith filed his cause of action for judicial review of the Board's action. The trial court reversed the Board's determination, holding that the Board's failure to provide Smith a hearing on the merits of his claim filed on October 9, 1979, violated the requirements of the Administrative Adjudication Act and ordered the Board to hold a hearing.

## ISSUES

The Board raises the following issues for our review:

"1. Whether the trial court erred in holding that Smith timely filed his petition?

"2. Whether the trial court erred in failed [sic] to hold that the decision of May 28, 1969, was *res judicata*?"

## DECISION AND DISCUSSION

Both the parties and the court recognize the applicability of the Administrative Adjudication Act, Ind.Code 4–22–1–1 *et seq.*, to this cause of action. Indiana Code 4–22–1–14 provides that judicial review of an agency order or determination "shall be filed within fifteen [15] days after receipt of notice that such order, decision or deter-

mination is made by any such agency[,]" and "[u]nless a proceeding for review is commenced by so filing such petition within fifteen [15] days any and all rights of judicial review and all rights of recourse to the courts shall terminate." The Board's determination to refuse further claims with respect to Smith's 1968 injury was reached on May 28, 1969, and was asserted as a final determination with respect to any claims filed by Smith after that time. Smith filed no appeal from the decision of the Board rendered on May 28, 1969, and did not appear on November 28, 1979, to contest denial of his claim filed on October 9, 1979, based upon the 1969 determination.

■ Exhaustion of Smith's administrative remedies occurred at the very latest on December 10, 1979, when he was informed of the Board's denial of his continuance from November 28 and of the Board's reassertion of the 1969 holding. Even though we must condemn administrative agency action which appears to be based on evidence not included in the record, we must also heed the jurisdictional requirements inherent in the judicial review process. As explained by our Supreme Court in *White v. Bd. of Med. Regis. and Exam.*, (1956) 235 Ind. 572, 577–8, 134 N.E.2d 556:

"A failure to perfect an appeal from a court within time deprives the court of review of jurisdiction of the subject matter of the particular appeal. The provisions as to time are mandatory, and a condition precedent to the court acquiring jurisdiction on appeal from a lower court. *Vail v. Page* (1911), 175 Ind. 126, 131, 93 N.E. 705; *Board of Tax Commrs. v. Stanley* (1952), 231 Ind. 338, 341, 342, 108 N.E.2d 624; *Dawson v. Wright* (1955), 234 Ind. 626, 129 N.E.2d 796. The same rule applies where an appeal or review is sought from the order of an administrative board. *Ballman v. Duffecy* (1952), 230 Ind. 220, 102 N.E.2d 646; *McGuire v. Review Board, Employment Sec. Div.* (1951), 121 Ind.App. 377, 379, 99 N.E.2d 263; *C. and W. Kramer Co. v. Miller* (1917), 65 Ind.App. 127, 115 N.E. 597; *Highfield v. Duffy* (1917), 64 Ind.App. 102, 115 N.E. 347. It was not necessary that the motion to dismiss the petition for review should allege the Board gave notice as required by § 63–3012, Burns' 1951 Replacement. [Footnote omitted.] The requirements of notice were not jurisdictional for the Board, and it is presumed public officers do their duty until it is made to appear they have not. *Perry Civil Twp. v. Indianapolis Power & Light Co.* (1943), 222 Ind. 84, 51 N.E.2d 371; *Wilhelm v. Scott* (1895), 14 Ind.App. 275, 40 N.E. 537, 42 N.E. 827. When an appeal is not perfected within the mandatory time required, the court should dismiss it on its own motion. *Vail v. Page* (1911), 175 Ind. 126, 131, 93 N.E. 705, *supra; Board of Tax Commrs. v. Stanley* (1952), 231 Ind. 338, 108 N.E.2d 624, *supra.*"

The failure of courts to respect the jurisdictional limits placed on them by the Legislature would frustrate those public policy considerations supporting the viability of administrative agencies.

■ In the instant case it is obvious that the trial court erroneously concluded that Smith had complied with the Administrative Adjudication Act and that his petition for judicial review had been timely filed. It is clear from the record that Smith did not comply with I.C. 4–22–1–14 in filing his judicial appeal within fifteen days of the Board's notice to him of its final determination with respect either to the Board's disallowance of further claims for medical expenses relating to his 1968 injury or to his specific claim for benefits on October 9, 1979. Therefore, we must dismiss this appeal for want of jurisdiction in the trial court.

Appeal dismissed.

NEAL, P. J., and ROBERTSON, J., concur.