John T. SHETTLE, George Lewallen, Roy Stebbing, David Crose, James Theobald, Julian Ridlen, Indiana State Police Advisory Board, Appellants-Respondents,

v.

Alan K. SMITH, Appellee-Petitioner.

No. 1–381A78.

Court of Appeals of Indiana, First District.

Nov. 16, 1981.

Linley E. Pearson, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis for appellants-respondents.

Thomas A. Whitsitt, Iddings, Whitsitt & McClure, Lebanon, for appellee-petitioner.

## ON PETITION FOR REHEARING

RATLIFF, Judge.

In his Petition for Rehearing Smith contends that our statement of the facts in this case is erroneous. Smith argues that the Board did not deny his request for a continuance and that the Board's letter of December 10, 1979, did not advise him of the fact that the Board did not agree to continue his appeal from the November 28, 1979, hearing. Because our condensation of the facts appears to be misleading we accept this opportunity to set the record straight. Nevertheless, we affirm our earlier holding in the case and deny Smith's petition for rehearing.

■ In our original opinion, *Shettle v. Smith*, (1981) Ind.App., 425 N.E.2d 713 at 714, we wrote:

"Smith sought to appeal the denial of the claim and was advised to appear at the November 28, 1979, hearing to present evidence. Smith obtained counsel on November 26 to represent him, but the Board denied counsel's request for a continuance."

Smith set out the facts in the following manner at pages 2 and 3 of his original appellee's brief:

"Almost ten years after the operation to repair a ruptured disc, A. K. Smith filed a claim for medical expenses relating to his back injury. This claim was denied on October 9, 1979. (Tr. 24).

"A. K. Smith submitted a letter of appeal dated November 1, 1979, appealing the denial of his claim for medical reimbursement for the amount of eighteen dollars ($18.00). (Tr. 27). A. K. Smith was then notified that he could appear and present evidence at the next meeting of the Board scheduled for November 28, 1979. (Tr. 32).

"Smith retained an attorney to represent him and a request for a continuance of the hearing was made. This request is reflected in the minutes of the Board for the meeting of November 28, 1979. (Tr. 34). Despite the request for a continuance, the Board discussed the case and made the following entry:

"Alan K. Smith _____alleged additional expense of service connected back injury on 10–25–68_____$18.00
*Denied* as per Pension Advisory Board minutes of May 28, 1969. Alan K. Smith's attorney requests extension of time for appeal of ruling.
After discussion by the Board, David Crose made the motion that the Board *agree with the ruling made on May 2[8], 1969 for denial of any future claims* for injuries sustained and also *deny request for an appeal* due to the expiration of the time limit. James Theobald seconded the motion. Motion unanimously approved. (original emphasis) (Tr. 34)."

In Smith's own words, "[d]espite the request for a continuance, the Board discussed the case" and made its determination. The only logical conclusion to be drawn from this entry is that the Board acknowledged Smith's request for an extension of time and denied that request.

■ Smith also quarrels with our statement at 425 N.E.2d 715: "Exhaustion of Smith's administrative remedies occurred at the very latest on December 10, 1979, when he was informed of the Board's denial of his continuance from November 28 and of the Board's reassertion of the 1969 holding."

He states, "The letter of December 10, 1979 from the Board to Smith contains no reference to the November 28th meeting or to counsel's request for continuance." Brief in Support of Petition For Rehearing at 2. We agree with Smith that a literal reading of the Board's December 10, 1979, communication does not contain a statement explicitly denying Smith's request for a continuance or mentioning a November 28 meeting. Nevertheless, the record reflects that Smith had been notified in writing on November 13, 1979, of what he needed to do in order to pursue an appeal:

"November 13, 1979

FROM: Larry C. Line, First Sergeant Pension Advisory Board Representative

TO: Alan K. Smith, Trooper Lafayette—District 14

SUBJECT: Appeal of Pension Advisory Board Ruling

This is to acknowledge receipt of your appeal of the denial of your claim in the amount of $18.00, due to the ruling of the Pension Advisory Board on May 28, 1969. The next meeting of the Pension Advisory Board is scheduled for 10 A.M., November 28, 1979, in Room 305, State Office Building.

Please arrange to personally appear at this meeting to present further evidence in this matter. Bring all pertinent records and any additional evidence that you may have to this meeting.

Larry C. Line
First Sergeant

LCL/bn

cc: Dale Rabanus, First Sergeant"

Record at 32. Thus, the Board's communication to Smith on December 10, 1979, appears to us to be a clear statement that the Board had taken action affirming its May 28, 1969, decision because Smith had failed to effect a timely appeal:

"December 10, 1979

FROM: John T. Shettle, Chairman Pension Advisory Board

TO: Alan K. Smith, Trooper Lafayette District # 14

SUBJECT: Request for Pension Advisory Board Appeal

The subject matter of your request was previously brought before the Pension Advisory Board on May 28, 1969 and a finding was reached at that time which is worded as follows:

'A discussion followed regarding relationship of Alan K. Smith's back ailment to outside employment. Upon motion by Cleon Houck, which was seconded by Roy Stebbing, the Board approved the disallowance of future claims for service-connected back injury in view of Trooper Smith's failure to report all of the true and pertinent facts.'

Pursuant to the terms of the Police Benefit Fund which provides for disability determinations, paragraph 13 states in part as follows:

'... Any suggestions or grievances, however, may be presented to the Pension Advisory Board for proper review and consideration, and its decision shall be final and binding upon all parties to the fullest extent permitted by law, unless the decision is contrary to the terms of this agreement.'

The previous decision of the Pension Advisory Board must stand since no timely appeal was effected by you after being notified of that decision.

John T. Shettle, Chairman
Pension Advisory Board

LDF:eh"

Record at 39.

In pursuing Smith's objection to our failure to render a technically precise reading of the record we must also note that there was no literal request for a continuance in the record and also that there is no literal statement in either the Board's written record or Smith's counsel's own letter that Smith himself was not present at the November 28, 1979, meeting as was required by the Board. Yet from the fact that the record contains no literal statement of his presence at that meeting and from his counsel's letter we may conclude that Smith was in fact absent; without the inference

of this fact from the record there would be no basis to his argument that the Board denied him a hearing. Likewise, because the Board acknowledged Smith's counsel's oral request for a continuance in its minutes but decided to take action in spite of the request it is only reasonable to conclude that they denied the request. No written request having been tendered, a written response can hardly be required. We do not mean to suggest that our profession does not require close attention to the use and import of the written record. Nevertheless, such a hyper-technical reliance on the literal text of a communication without regard to the context of facts and circumstances surrounding it can lead to absurd results. We refuse to permit ourselves to become enmeshed in sterile semantic exercises unworthy of extravagant expenditures of judicial energy and taxpayers' dollars. Suffice it to say in response to Smith's objections to our phraseology that the Board in effect denied his request for more time to present his appeal when it informed him on December 10, 1979, that because he had failed to effect a timely appeal, it was reasserting its denial of his claim based on its May 28, 1969, decision. Smith's request for judicial review of this determination was required by Ind.Code 4–22–1–14 to be filed no later than fifteen days after he received notice thereof. Because the record reflects that he had such notice at least by December 21, 1979, (again a logical assumption from the record) and that his complaint was not filed until March 6, 1980, we must dismiss the appeal as stated in our earlier opinion for lack of jurisdiction in the trial court.

Petition for rehearing denied.

NEAL, P. J., and ROBERTSON, J., concur.